# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NICOR, INC., <br><br> Plaintiff, <br><br> v. <br><br> SOURCEBLUE, LLC, f/k/a TURNER LOGISTICS, LLC, <br><br> Defendant. | C.A. No. _____ <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff NICOR, Inc. (hereafter "NICOR"), for its Complaint against SourceBlue, LLC, formerly known as Turner Logistics, LLC ("Defendant"), alleges as follows:

## NATURE OF THE ACTION

1. This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. §§ 1, *et seq*. Plaintiff NICOR asserts that Defendant has infringed NICOR's U.S. Patent No. 10,824,427.

## THE PARTIES

2. Plaintiff NICOR is a corporation organized and existing under the laws of the State of New Mexico, with its principal place of business at 2200 Midtown Place NE, Suite A, Albuquerque, NM 87107.

3. Upon information and belief, Defendant SourceBlue, LLC, formerly known as Turner Logistics, LLC, is a limited liability company organized and existing under the State of Delaware, File No. 3354819, with a principal place of business at 3 Paragon Dr., #1, Montvale, NJ 07645. Defendant's registered agent, the Corporation Trust Company, resides at Corporation Trust Center, 1209 Orange St., Wilmington, DE 19801.

## JURISDICTION AND VENUE

4. This lawsuit is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq.* This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has general and specific personal jurisdiction over Defendant because Defendant is a limited liability company organized under the State of Delaware. Upon information and belief, Defendant is subject to the Court's personal jurisdiction because it has sufficient minimum contacts within the State of Delaware and this District because Defendant regularly conducts business within this District, has a registered agent in this District, and has purposefully availed itself of the privileges of conducting business within the State of Delaware and in this District. Having purposefully availed itself of the privilege of conducting business within this District, Defendant should reasonably and fairly anticipate being brought into court here.

6. Venue is proper in this District under 28 U.S.C § 1400(b) because Defendant is a Delaware limited liability company and thus resides in this District. Upon information and belief, Defendant has committed at least a portion of the infringing acts at issue in this case within the District.

## NICOR'S '427 PATENT

7. On November 3, 2020, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 10,824,427 ("the '427 Patent"), entitled a "Method and System for Power Supply Control." A true and correct copy of the '427 Patent is attached hereto as <u>Exhibit 1</u> and incorporated herein.

8. NICOR is the owner of all right, title and interest in the '427 Patent, including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant

times against infringers of the '427 Patent. Accordingly, NICOR possesses the exclusive right and standing to prosecute the present action for infringement against Defendant.

9. NICOR holds all right, title, and interest in the '427 Patent, with full rights to enforce the '427 Patent and sue and recover for past, present, and future infringement.

10. In January 2020, NICOR discovered a product called Remote Driver Control Center ("RDCC"), which is a product marketed under Defendant's Solidian® brand (hereafter "Accused Product").

11. On November 12, 2020, NICOR sent a letter to Defendant regarding Defendant's Accused Product, and in such letter NICOR informed Defendant that the RDCC was covered by at least one claim of the '427 Patent. A true and correct copy of NICOR's letter to Defendant is attached hereto as Exhibit 2.

## COUNT 1
**(Infringement of U.S. Patent No. 10,824,427)**

12. NICOR incorporates the above paragraphs herein by reference.

13. NICOR is the owner of all right, title and interest in the '427 Patent, including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the '427 Patent. Accordingly, NICOR possesses the exclusive right and standing to prosecute the present action for infringement against Defendant.

14. Defendant has had actual knowledge of the '427 Patent since at least as early as November 12, 2020 when NICOR sent a letter to Defendant regarding the '427 Patent.

15. Upon information and belief, Defendant infringes, literally or under the doctrine of equivalents, at least claims 1-7 of the '427 Patent by its manufacture, importation, offer for sale, sale and/or use of its RDCC product marketed under its Solidian® brand.

16. For example, and without limitation, Defendant's Accused Product includes each and every limitation of at least claims 1-7 of the '427 Patent, either literally or under the doctrine of equivalents, as shown in the claim chart attached as <u>Exhibit 3</u>, which is incorporated herein by reference. Therefore, the Accused Product infringes these claims of the '427 Patent.

17. Upon information and belief, Defendant has also induced infringement of the '427 Patent by inducing its customers to use Defendant's Accused Product. Defendant actively induces such infringement by, for example, providing installation instructions and other instruction materials for its Accused Product that induce its customers to use the Accused Product in a way that infringes the '427 Patent.

18. Defendant performed these acts of infringement with knowledge of the '427 Patent and with the knowledge or willful blindness that the induced acts constitute direct infringement by Defendant's customers.

19. NICOR has not licensed Defendant to practice the '427 Patent and Defendant has no license or authority to practice, or license others to practice, the '427 Patent.

20. Defendant has directly infringed and continues to infringe at least claims 1-7 of the '427 Patent by making, using, offering for sale within the United States, and/or importing into the United States, its Accused Product in violation of 35 U.S.C. §§ 271 (a), (b), and/or (c).

21. Defendant's infringement of the '427 Patent is willful and deliberate, and entitles NICOR to enhanced damages pursuant to 35 U.S.C. § 284. Defendant's wrongful conduct also constitutes an exceptional case entitling NICOR to attorneys' fees and cost incurred in prosecuting this action pursuant to 35 U.S.C. § 285.

22. NICOR has been damaged by Defendant's infringement of the '427 Patent. Defendant's infringement has caused, and will continue to cause, irreparable harm to NICOR, for

which NICOR has no adequate remedies at law, unless and until Defendant's wrongful acts are enjoined by this Court.

## PRAYER FOR RELIEF

WHEREFORE, NICOR prays for entry of a judgment in its favor and against Defendant as follows:

(a) Entry of judgment that Defendant has infringed one or more claims of the '427 Patent;

(b) Entry of judgment that preliminarily and/or permanently enjoins Defendant, its officers, directors, employees, agents, parents, divisions, subsidiaries, licensees, successors, assigns and any and all persons acting in privity or in concert with Defendant, from further acts of infringement of the '427 Patent under 35 U.S.C. § 283;

(c) An award of compensatory damages to NICOR adequate to compensate NICOR for Defendant's infringement of the '427 Patent, the extent to which will be determined at trial, but in no event less than a reasonable royalty, together with pre- and post-judgment interest, pursuant to 35 U.S.C. § 284;

(d) A determination that Defendant's acts of infringement of one or more claims of the '427 Patent have been, and continue to be, egregious and/or willful, and that NICOR is entitled to an award of enhanced damages of up to three times the amount of actual damages pursuant to 35 U.S.C. § 284;

(e) A determination that this case is exceptional under 35 U.S.C. § 285, and that NICOR be awarded its reasonable attorneys' fees;

(f) An award of NICOR's costs and expenses in this action; and

(g) Such further relief as the Court deems just and proper.

## **JURY DEMAND**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, NICOR hereby demands a trial by jury on all issues so triable.

Dated: May 14, 2021

|  |  |
|---|---|
|  | SMITH, KATZENSTEIN & JENKINS LLP |
| OF COUNSEL: | */s/ Eve H. Ormerod* |
|  | Eve H. Ormerod (No. 5369) |
| Lena N. Bacani | 1000 West Street, Suite 1501 |
| Kevin Soules | Wilmington, DE 19801 |
| LOZA & LOZA LLP | (302) 652-8400 |
| 305 N. Second Ave., #127 | eormerod@skjlaw.com |
| Upland, CA 91786 |  |
| (847) 670-1223 | *Attorneys for Plaintiff NICOR, Inc.* |
| lena.bacani@lozaip.com |  |
| kevin.soules@lozaip.com |  |