Lena N. Bacani (SBN 213556)
lena.bacani@lozaip.com
LOZA & LOZA, LLP
305 N. Second Ave., Ste. 127
Upland, CA 91786
Telephone: (877) 406-5164
Facsimile: (213) 394-3625

Attorneys for Plaintiff,
NICOR, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOR, INC.,<br><br>Plaintiff,<br><br>v.<br><br>SOURCEBLUE, LLC, f/k/a TURNER LOGISTICS, LLC,<br><br>Defendant. | Case No. 2:21-cv-05876-AB-KS<br><br>**NICOR, INC.'S ANSWER TO COUNTERCLAIMS**<br><br>JURY TRIAL DEMANDED |

Plaintiff and Counterclaim-Defendant NICOR, Inc. ("NICOR" or "Plaintiff"), by and through its attorneys, hereby answers the Counterclaims of Defendant and Counterclaimant SourceBlue, LLC, formerly known as Turner Logistics, LLC ("SourceBlue" or "Defendant"), as follows:

NATURE OF THE ACTION

1. NICOR admits this case concerns NICOR's claim that SourceBlue's Remote Driver Control Center ("RDCC") product has infringed NICOR's U.S. Pat. No. 10,824,427 ("the '427 Patent"). NICOR denies that its patent is invalid, not-infringed, unenforceable and all other allegations of this paragraph.

2. NICOR admits that SourceBlue's Counterclaims purport to assert claims for declaratory judgment of non-infringement and invalidity of the '427 Patent but denies that there is any merit to SourceBlue's claims. NICOR denies all other allegations of this paragraph.

3. NICOR admits that SourceBlue's Counterclaims purport to assert claims for unfair competition, tortious interference with prospective and/or economic relations, and slander/trade libel but NICOR denies that there is any merit to SourceBlue's claims. NICOR denies all other allegations of this paragraph.

PARTIES

4. NICOR is without sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph.

5. Admit.

JURISDICTION AND VENUE

6. NICOR admits that this Court has subject matter jurisdiction over this action.

7. This paragraph appears to contain a typographical error that refers to "Infinilux's State law claims" rather than SourceBlue. NICOR admits that the Court has supplemental jurisdiction over SourceBlue's state law claims.

8. NICOR admits that this Court has personal jurisdiction over NICOR but denies that it is based on the fact that NICOR filed its Complaint in the District of Delaware.

9. NICOR admits that venue is proper in this District pursuant to the parties' agreement but denies the remaining allegations of this paragraph.

BACKGROUND

10. NICOR admits that it has accused the RDCC units sold under the Solidian® brand of infringing the '427 Patent. NICOR is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph and, on that basis, denies them.

11. NICOR is without sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

12. NICOR admits that it submitted bids for Facebook's datacenter business and that Facebook originally chose to use NICOR's products for those datacenters. Subsequently, Turner Construction Company awarded the contracts to its subsidiary, Turner Logistics, LLC. Turner Logistics, LLC later changed its name to SourceBlue, LLC, the Defendant in this action. NICOR is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph and, on that basis, denies them.

13. NICOR denies that Defendant's Solidian® lighting system is cheaper, easier to install or has better performance that NICOR's lighting system. Upon information and belief, SourceBlue, which was then Turner Logistics, LLC, acquired information from Turner Construction Company that Facebook had decided to use NICOR's lighting system, including its patented Lighting Control Unit ("LCU"), for the Facebook data centers. In order to take the business away from NICOR, SourceBlue intentionally copied NICOR's system to create the Solidian® RDCC product, thus willfully infringing NICOR's '427 Patent. NICOR

is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph and, on that basis, denies them.

14. NICOR denies all allegations of this paragraph.

15. NICOR admits that it has standing to prosecute patent infringement actions involving the ‘427 Patent.

16. NICOR admits the allegations of this paragraph.

17. NICOR admits that the ‘427 Patent claims priority to the provisional applications but denies that the patent applications were prosecuted by counsel located in the Central District of California.

18. NICOR admits that the ‘427 Patent discloses various embodiments of power supply and control systems. NICOR further states that the ‘427 Patent speaks for itself and denies all other allegations of this paragraph.

19. NICOR states that the ‘427 Patent speaks for itself and denies all allegations of this paragraph.

20. NICOR admits that the figure shown in this paragraph appears to be Figure 4 from the ‘427 Patent. NICOR states that the ‘427 Patent speaks for itself and denies all other allegations of this paragraph.

21. NICOR admits that Figure 4 of the ‘427 Patent depicts system 400. NICOR further states that the ‘427 Patent speaks for itself and denies all other allegations of this paragraph.

22. NICOR admits that the figure shown in this paragraph appears to be Figure 9 from the ‘427 Patent. NICOR states that the ‘427 Patent speaks for itself and denies all other allegations of this paragraph.

23. NICOR admits that this paragraph appears to restate Claim 1 of the ‘427 Patent.

24. NICOR denies all allegations of this paragraph.

25. NICOR admits that it sent a letter on November 12, 2021 to Turner Logistics, LLC, which later changed its name to SourceBlue, LLC, alleging that the

Solidian® RDCC unit infringed the '427 Patent. NICOR denies all other allegations of this paragraph.

26. NICOR denies all allegations of this paragraph.

27. NICOR denies all allegations of this paragraph.

28. NICOR admits that it copied persons with an interest in NICOR's infringement allegations against the RDCC product at Facebook, Cupertino Electric and Environmental Systems Design in its November 12, 2020 letter to Turner Logistics, LLC to inform them of the parties' patent dispute. NICOR is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph and, on that basis, denies them.

29. NICOR admits that Defendant's prior counsel sent a letter to NICOR on November 24, 2020 responding to NICOR's allegations. NICOR denies that Defendant's non-infringement arguments have merit and all other allegations of this paragraph.

30. NICOR admits that it sent another letter to Defendant on March 11, 2021 in an attempt to resolve the parties' dispute but denies all other allegations of this paragraph.

31. NICOR denies all allegations of this paragraph.

32. NICOR denies all allegations of this paragraph.

33. NICOR admits that it sent a response letter to Defendant on March 11, 2021 but denies all other allegations of this paragraph.

34. NICOR admits that Defendant sent a letter on March 25, 2021 but denies that SourceBlue's allegations had, or have, any merit. NICOR denies all other allegations of this paragraph.

35. NICOR admits that it brought the present action against Defendant but denies that its claims are meritless and all other allegations of this paragraph.

36. NICOR admits that it asserts Defendant has infringed claim 1 of the '427 Patent but denies that its infringement claim is "objectively unreasonable and untenable" and all other allegations of this paragraph.

37. NICOR admits that it asserts that Defendant has infringed claim 1 of the '427 Patent but denies that its infringement claim is "objectively unreasonable and untenable" and all other allegations of this paragraph.

38. This paragraph contains legal argument that does not require a response. To the extent a response is required, NICOR denies all allegations in this paragraph.

39. NICOR denies all allegations of this paragraph.

40. NICOR denies all allegations of this paragraph.

41. NICOR denies all allegations of this paragraph.

COUNT I – DECLARATORY JUDGMENT OF NON-INFRINGEMENT

42. NICOR repeats and realleges its responses to the above paragraphs as if fully set forth herein.

43. NICOR admits that it alleges that Defendant's RDCC product infringes one or more claims of the '427 Patent.

44. NICOR admits that the '427 Patent includes one independent claim and six dependent claims but denies that SourceBlue has not infringed them and all other allegations of this paragraph.

45. NICOR denies the allegations of this paragraph.

46. NICOR admits that there exists a present and justiciable controversy between the parties regarding the '427 Patent but denies that Defendant is entitled to a declaratory judgment of non-infringement.

47. NICOR admits that Defendant is seeking a judgment that it is not infringing the '427 Patent but NICOR denies that Defendant is entitled to such a judgment or that Defendant does not infringe the '427 Patent.

COUNT II – DECLARATORY JUDGMENT OF INVALIDITY

48. NICOR repeats and realleges its responses to the above paragraphs as if fully set forth herein.

49. NICOR admits that it alleges that Defendant has, and continues to, infringe one or more claims of the '427 Patent.

50. NICOR denies the allegations of this paragraph.

51. NICOR admits that there exists a controversy between the parties regarding the '427 Patent but denies that Defendant is entitled to a declaratory judgment of invalidity.

52. NICOR denies that Defendant is entitled to a declaration of invalidity.

53. NICOR admits that Defendant is seeking a judgment that the '427 Patent is invalid but NICOR denies that Defendant is entitled to such a judgment or that the '427 Patent is invalid.

COUNT III – UNFAIR COMPETITION

54. NICOR repeats and realleges its responses to the above paragraphs as if fully set forth herein.

55. NICOR denies the allegations of this paragraph.

56. NICOR denies the allegations of this paragraph.

57. NICOR denies the allegations of this paragraph.

58. NICOR denies the allegations of this paragraph.

59. NICOR denies the allegations of this paragraph.

COUNT IV – TORTIOUS INTERFERENCE WITH PROSPECTIVE AND/OR CONTRACTUAL ECONOMIC RELATIONS

60. NICOR repeats and realleges its responses to the above paragraphs as if fully set forth herein.

61. NICOR denies the allegations of this paragraph.

62. NICOR denies the allegations of this paragraph.

63. NICOR denies the allegations of this paragraph.

64. NICOR denies the allegations of this paragraph.

65. NICOR denies the allegations of this paragraph.

66. NICOR denies the allegations of this paragraph.

67. NICOR denies the allegations of this paragraph.

68. NICOR admits that Defendant attempts to allege a tortious interference counterclaim but denies that NICOR has engaged in any tortious conduct whatsoever and denies all other allegations of this paragraph.

69. NICOR denies the allegations of this paragraph.

COUNT V – SLANDER/TRADE LIBEL

70. NICOR repeats and realleges its responses to the above paragraphs as if fully set forth herein.

71. NICOR denies the allegations of this paragraph.

72. NICOR denies the allegations of this paragraph.

73. NICOR denies the allegations of this paragraph.

74. NICOR denies the allegations of this paragraph.

75. NICOR denies the allegations of this paragraph.

76. NICOR denies the allegations of this paragraph.

PRAYER FOR RELIEF

NICOR denies that Defendant is entitled to any of the requested relief it seeks and again requests the Court award judgment for NICOR against SourceBlue for all damages, costs, attorneys' fees, injunctive and other relief requested in NICOR's Complaint that the Court deems just and proper.

**AFFIRMATIVE DEFENSES**

Without admitting that Defendant is entitled to any relief whatsoever, NICOR asserts the following affirmative and other defenses set forth below and reserves the right to allege additional defenses in the event discovery or other

information indicates additional defenses are appropriate:

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

Defendant's Counterclaims fail to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

**(Infringement)**

Defendant's counterclaims are barred, in whole or in part, because Defendant has infringed and continues to infringe one or more claims of the '427 Patent.

**THIRD AFFIRMATIVE DEFENSE**

**(Validity)**

Defendant's counterclaims are barred, in whole or in part, because the '427 Patent is valid and enforceable.

**FOURTH AFFIRMATIVE DEFENSE**

**(Waiver/Unclean Hands)**

Defendant has waived the right, if any, to pursue its claims by reason of its own actions and course of conduct, including but not limited to estoppel and/or the doctrine of unclean hands.

**FIFTH AFFIRMATIVE DEFENSE**

**(Litigation Privilege)**

Defendant's counterclaims are barred, in whole or in part, because NICOR's communications to third parties fall within the Litigation Privilege.

**SIXTH AFFIRMATIVE DEFENSE**

**(Good Faith)**

Defendant's counterclaims are barred, in whole or in part, for the reason that

NICOR acted in good faith and without bad intent.

**SEVENTH AFFIRMATIVE DEFENSE**

**(No Injunctive Relief)**

Defendant's counterclaims for injunctive relief are barred, in whole or in part, because Defendant does not satisfy the requirements for injunctive relief. Among other things, SourceBlue cannot show that it has suffered irreparable harm or that it does not have an adequate remedy at law.

**EIGTH AFFIRMATIVE DEFENSE**

**(No Exceptional Case)**

Defendant's counterclaims asserting that Defendant is entitled to an award of exemplary damages, treble damages, profits and/or attorneys' fees under 35 U.S.C. § 285 are barred, in whole or in part, because Defendant cannot show this is an exceptional case.

**NINTH AFFIRMATIVE DEFENSE**

**(Reserved)**

NICOR reserves the right to assert additional affirmative defenses as additional information becomes available through discovery and otherwise during pendency of the case.

**PRAYER FOR RELIEF**

WHEREFORE, NICOR prays that the Court dismiss SourceBlue's Counterclaims with prejudice and grant judgment to NICOR and award such damages, costs, attorneys' fees and other relief requested in NICOR's Complaint, and such further relief as the Court may deem just and proper.

Dated: August 26, 2021

Respectfully submitted,

LOZA & LOZA, LLP.

By: /Lena Bacani/
Lena N. Bacani

Attorneys for Plaintiff NICOR, Inc.