1  Lena N. Bacani (SBN 213556)          David A. Randall (SBN 156722)
   lena.bacani@lozaip.com               dave@hdmnlaw.com
2  LOZA & LOZA, LLP                     Ehab M. Samuel (SBN 228296)
   305 N. Second Ave., Ste. 127         esamuel@hdmnlaw.com
3  Upland, CA  91786                    Paul G. Novak (SBN 261388)
   Telephone: (877) 406-5164            paul@hdmnlaw.com
4  Facsimile: (213) 394-3625            HACKLER DAGHIGHIAN
                                        MARTINO & NOVAK P.C.
5  *Attorneys for NICOR, Inc.*          1099 Wilshire Blvd., Ste. 300
                                        Los Angeles, CA  90024
6                                       Tel: (310) 887-1333
                                        Fax: (310) 887-1334
7
                                        *Attorneys for SourceBlue, LLC &*
8                                       *Infinilux Corp.*

9              UNITED STATES DISTRICT COURT

10            CENTRAL DISTRICT OF CALIFORNIA

11

12  NICOR, INC.,                        CASE Nos.: 2:21-cv-05876-AB(PDx)
                                        and 2:21-cv-5300-AB(PDx)
13              Plaintiff,
                                        **JOINT REPORT**
14  v.                                  **[FED. R. CIV. P. 26(f)]**

15                                      Honorable André Birotte Jr
16  SOURCEBLUE, LLC                     Scheduling Conference:
                                        Date:  November 19, 2021
17              Defendants.             Time:  10:00 a.m.
                                        Courtroom:  7B
18

19

20  INFINILUX CORPORATION               JURY TRIAL DEMANDED

21

22              Plaintiff,

23  v.

24  NICOR, INC.,

25

26              Defendant.

27

28                                    0

The parties to the above-entitled actions jointly submit this Joint Report pursuant to Rules 16(b) and 26(f) of the Federal Rules of Civil Procedure, the Orders Setting Scheduling Conference (Dkt. No. SB37 and IN25)[1] and Local Rule 26. The parties met and conferred on October 29, 2021 regarding the substance of this report.

**a.** **STATEMENT OF THE CASE**

On May 14, 2021, NICOR, Inc. ("NICOR"), filed a complaint for patent infringement under Title 35 of the United States Code against SourceBlue, LLC, f/k/a Turner Logistics, LLC ("SourceBlue"), in the United States District Court for the District of Delaware, Case No. 1:21-cv-00698-UNA ("SourceBlue Action"). NICOR claims that SourceBlue has directly infringed NICOR's U.S. Patent No. 10,824,427, entitled METHOD AND SYSTEM FOR POWER SUPPLY CONTROL ("the '427 Patent"), under 35 U.S.C. § 271(a) by manufacturing, importing, offering to sell, selling and/or using a Remote Driver Control Center ("RDCC"), marketed under the Solidian® brand (hereafter "Accused Product"), that infringes one or more claims of the '427 Patent. NICOR further alleges that SourceBlue has induced the direct infringement of the '427 Patent by others under 35 U.S.C. § 271(b) by, for example, providing user instructions and support materials to others utilizing the patented invention. In response, SourceBlue has raised various defenses and asserted counterclaims for declaratory judgment of noninfringement and invalidity, unfair competition, tortious interference with prospective and/or contractual economic relations, and slander of title/trade libel.

On July 1, 2021, Infinilux Corporation, which supplies SourceBlue with the Accused Product, filed an action against NICOR in this Court, Case No. 2:21-cv-5300, alleging: declaratory judgment of noninfringement and invalidity of the '427

---

[1] The parties cite to the docket entries on the docket of NICOR, Inc. v. SourceBlue, LLC, Case No. 2:21-cv-05876-AB(PDx) (the "SourceBlue Action") as "SB__" and docket entries on the docket of Infinilux Corp. v. NICOR, Inc., Case No. 2:21-cv-5300-AB(PDx) (the "Infinilux Action") as "IN__".

Patent, unfair competition, tortious interference with prospective and/or contractual economic relations, abuse of process and slander of title/trade libel.  In response, NICOR asserted counterclaims of patent infringement, intentional interference with prospective economic relations and unfair competition.

Both Infinilux and SourceBlue allege that NICOR sent a letter to SourceBlue (Ex. B to Dkt. No. SB2) on November 12, 2020, falsely accusing the Accused Product of copying NICOR's patent and products.  Infinilux and SourceBlue further allege that the claim chart attached to the November 12, 2020, letter included a claim chart that purported to map the Accused Product to out-of-date, non-public draft Installation Instructions for the Accused Product to pending claims of the application that matured into the '427 Patent.  Infinilux and SourceBlue further allege that NICOR obtained these non-public Installation Instructions surreptitiously, and under its direction, had its patent counsel attempt to draft claims to cover the Accused Product.  In doing so, SourceBlue and Infinilux allege that NICOR and its counsel intentionally departed from what was disclosed in the written description of the '427 Patent and that NICOR and its counsel engaged in this conduct to allow NICOR to compete unfairly with Infinilux and SourceBlue, and to allow NICOR to make a false, but "colorable" charge of infringement against the Accused Product, and thereby sway customers from employing the Accused Product over NICOR's competing product.

After the filing of the Infinilux Action, the parties stipulated to transfer the SourceBlue Action to this Court, and the case was transferred on July 21, 2021. (Dkt. No. SB20.)  Both related cases are now before this Court.

**b.**   **SUBJECT MATTER JURISDICTION**

This is an action for patent infringement arising under Title 35 of the United States Code. This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).  The Court has subject matter jurisdiction over SourceBlue's and Infinilux's declaratory judgment claims under 28 U.S.C. §§ 2201, 2202 and

supplemental jurisdiction over the parties' pendent state law claims under 28 U.S.C. § 1367 as the claims derive from a common nucleus of operative facts and are so related as to form the same case or controversy. The Court also has original jurisdiction over SourceBlue and Infinilux's state law claims pursuant to 28 U.S.C. § 1332.

c.   **LEGAL ISSUES**

The pleadings raise the following issues:

- The proper construction of the claims of the '427 Patent;
- Validity and enforceability of the '427 Patent;
- Whether Infinilux and/or SourceBlue do or do not infringe the '427 Patent, pursuant to 35 U.S.C. § 271(a), (b);
- Whether NICOR has engaged in unfair competition, patent misuse, and/or has unclean hands with respect to the '427 Patent;
- Whether NICOR is or is not entitled to damages for the alleged infringement of the '427 Patent, including whether NICOR's claims for damages and relief are barred, in whole or in part, by 35 U.S.C. §§ 287-88;
- Whether SourceBlue and/or Infinilux did or did not willfully infringe the '427 Patent;
- Whether either case is "exceptional" under 35 U.S.C. § 285;
- Whether any party is entitled to its attorney's fees under 35 U.S.C. § 285.
- Whether NICOR is or is not entitled to enhanced damages under 35 U.S.C. § 284 due to SourceBlue and/or Infinilux's alleged willful infringement;
- Whether  any party is entitled to injunctive relief;
- Whether NICOR is liable for one or more of SourceBlue and/or Infinilux's tort claims for:

3

1
- o Unfair competition;

2
- o Intentional interference with prospective economic or

3
contractual relations;

4
- o Unfair Competition;

5
- o Abuse of Process;

6
- o Trade libel/slander;

7
- Whether Infinilux is liable for NICOR's state law claims for unfair

8
competition or interference with prospective economic advantage

9
- Applicability of parties' affirmative defenses;

10
- The Parties' respective requests for damages, including punitive

11
damages, costs and attorneys' fees; and

12
- The Parties' respective requests for injunctive relief.

13
**d.    PARTIES, EVIDENCE, ETC.**

14
**1.    Parties**

15
The parties named in the above-identified actions and their corresponding

16
roles are as follows:

17
- Plaintiff/Counter-Defendant (in 2:21-cv-05876) and

18
Defendant/Counterclaimant (in 2:21-cv-5300): NICOR, Inc.

19
- Defendant/Counterclaimant (in 2:21-cv-05876): SourceBlue, LLC,

20
f/k/a Turner Logistics, LLC

21
- Plaintiff/Counter-Defendant (in 2:21-cv-5300): Infinilux Corporation.

22
**NICOR:**  NICOR is a corporation organized under the laws of the State of

23
New Mexico with its principal place of business at 2200 Midtown Place NE, Suite

24
A, Albuquerque, NM  871017.  NICOR is a wholly-owned subsidiary of NICOR

25
Holdings Group, LLC.  No publicly held corporation owns 10% or more of

26
NICOR's stock.

27
**SourceBlue and Infinilux:** SourceBlue, LLC f/k/a Turner Logistics, LLC

28
("SourceBlue") is a Delaware limited liability company, with a principal place of

4

business at 3 Paragon, #1, Montvale, NJ 07645.  SourceBlue does not have any
subsidiaries and no publicly held company directly owns 10% or more of its
membership interests.  SourceBlue is wholly owned subsidiary of Turner
Construction Company ("Turner Construction"), the largest domestic contractor in
the United States.  Turner Construction is in turn a subsidiary of Hochtief, AG, a
German company publicly traded on the German stock exchange and over the
counter markets in the U.S., which in turn is a subsidiary of ACS Actividades de
Construccion y Servicios SA, a Spanish company headquartered in Madrid, Spain,
which is publicly traded on the over the counter markets in the U.S.

Infinilux Corporation ("Infinilux") is a California corporation, with a
principal place of business at 180 E. Selandia Lane, Carson, CA 90746.  Infinilux
does not have any parents, subsidiaries, or affiliates, and no publicly traded
company owns 10 percent or more of its stock.

**2.    Witnesses/Persons as to Main Issues**

NICOR identifies FRCP 30(b)(6) witnesses from NICOR, SourceBlue and
Infinilux.  NICOR expects to identify additional witnesses during discovery,
including witnesses from FaceBook, Turner Construction and Cupertino Electric
that may be called to testify at trial.

SourceBlue and Infinilux are presently aware of the following percipient
witnesses:

1.    Jitendra Patel – President and CEO, Infinilux

2.    Devesh Patel – Manager, Infinilux

3.    Mike Raftery – General Manager, Source Blue

4.    Torry Guardino – Operations Manager, Source Blue

5.    Michael Verbeek – Supply Chain Product Management/SOLIDIAN®

6.    David Brown – named inventor of the '427 Patent

7.    Trevor Shaw – named inventor of the '427 Patent

8.    Jorge Alfredo – named inventor of the '427 Patent

9.      Lena Bacani – of Loza & Loza, Litigation Counsel for NICOR

10.     Kevin Soules – of Loza & Loza, prosecuting attorney of the '427 Patent

11.     Richard Krukar - of Loza & Loza, prosecuting attorney of the '427 Patent

12.     Amanda Carter of Environmental Systems Design, Inc.

13.     NICOR's corporate designee(s) with knowledge of the claims and defenses

14.     NICOR's current and former employees involved in the design, development, sale, and/or marketing of NICORS products covered by the '427 Patent

15.     All individuals identified in NICOR's initial disclosures

16.     Third parties to support SourceBlue and Infinilux's claims or defenses

SourceBlue and Infinilux are continuing to discover relevant percipient witnesses, and reserves the right to add to, delete from, or modify its list of percipient witnesses as the facts are developed.

With respect to NICOR's patent claims, SourceBlue and Infinilux also anticipate expert witnesses on at least the issues of patent infringement, patent invalidity, claim construction, and patent damages.  With respect to SourceBlue and Infinilux's state law claims of unfair competition, tortious interference with prospective and/or contractual economic relations, abuse of process and slander of title/trade libel, SourceBlue and Infinilux anticipates expert witnesses on at least the issues of the unreasonableness of NICOR's actions involving the '427 Patent and damages.

**3.      Key Documents**

- The '427 Patent, application and file history;
- Prior art related to the '427 Patent;
- Documents related to infringement of the '427 Patent;

- Documents related to licensing and enforcement efforts for the '427 Patent;
- Documents regarding the development, structure, operation and relevant function of the Accused Product;
- Documents regarding instructions and manuals for the Accused Product;
- Documents regarding the prior art to the '427 Patent;
- Documents regarding the prosecution of the '427 Patent;
- Marketing and promotional documents featuring the Accused Product;
- Financial documents regarding the costs, sales, leasing and installations of the Accused Product;
- Documents regarding parties' communications regarding the '427 Patent, the other parties, and/or the Accused Product;
- Documents regarding patent marking;
- Documents related to the parties' respective bids for projects for their products and the bid procedures under which such documents were submitted;
- Documents regarding damages.

e.  **DAMAGES**

    **1. NICOR's Statement**

NICOR has suffered actual and consequential damages, including the loss of revenue and profits from the Facebook datacenters, resulting from SourceBlue's and Infinilux's infringement of the '427 Patent. NICOR intends to seek treble damages, costs and attorneys' fees, prejudgment interest as appropriate under the law and in an amount to be fixed in accordance with proof. At this stage of the litigation, the precise amount of damages is unknown. Through the course of discovery and expert investigation, NICOR intends to determine the precise amount

of damages.  In addition, NICOR shall seek an injunction preventing SourceBlue and Infinilux from continued acts of infringement.

### 2. SourceBlue/Infinilux's Statement

SourceBlue and Infinilux deny that there has been any patent infringement or any other unlawful acts on their part and contend that NICOR is not entitled to any damages. Without waiver of any rights, SourceBlue and Infinilux intend to seek:

- Compensatory Damages for NICOR's acts of unfair competition under California common law, NICOR's tortious interference with contractual relations and prospective contractual relations without justification, and NICOR's trade libel/slander.  NICOR engaged in such unlawful conduct: (a) by falsely representing to third parties that the Accused Products infringe the '427 Patent and/or that the Accused Products copied NICOR's patent; (b) by attempting to force customers and potential customers of SourceBlue and Infinilux to terminate their business relations with SourceBlue and/or Infinilux and/or substitute NICOR products for the Accused Products based on NICOR's false, and unreasonable accusations of patent infringement, (c) engaging in acts of patent misuse in an effort to improperly reduce or eliminate competition in the market place, and/or (d) by forcing SourceBlue and Infinilux to divert time, money and resources to defend against baseless allegations of patent infringement.  SourceBlue and Infinilux will seek to recover compensatory damages in an amount to be determined at trial for their claims for unfair competition, tortious interference, and trade libel/slander.

- Exemplary and punitive damages for NICOR's acts of unfair competition under California common law, abuse of process, tortious interference, and trade libel/slander.  As noted above, NICOR engaged in unfair business practices.  NICOR also alleged patent infringement at a time when it knew of should have known (had it conducted a reasonable pre-suit investigation) that the allegations against the Accused Products were false and that the '427 Patent was invalid.  NICOR also knew or should have known that the '427 Patent was

unenforceable against SourceBlue and its supplier, Infinilux, because NICOR engaged in acts of unclean hands to obtain the patent by employing confidential, proprietary information of SourceBlue and Infinilux during the prosecution of the application that matured into the '427 Patent. Thus, there is no reasonable possibility that Accused Products would be found to have infringed any valid, enforceable claim of the '427 Patent.  Nevertheless, NICOR ignored such evidence of invalidity, unenforceability, and non-infringement to pursue its malicious and subversive goals and committed willful acts in the use of a judicial process for an ulterior purpose not proper in the regular conduct of the proceeding.  In this regard, SourceBlue and Infinilux will seek a declaration that NICOR also committed the tort of abuse of process for which SourceBlue and Infinilux are entitled to exemplary and punitive damages.

- Injunctive relief and restitution for NICOR's acts of unfair competition under California Business & Professions Code §17200.  SourceBlue and Infinilux will also seek relief from the Court to enjoin NICOR from enforcing or attempting to enforce the '427 Patent.

- Attorneys' fees and costs incurred in light of NICOR's unfair competition, abuse of process, tortious interference, and trade libel/slander, among others.  SouceBlue and Infinilux will also seek relief from the Court to declare the case as exceptional and order NICOR to pay reasonable attorneys' fees pursuant to 35 U.S.C. §285.  SourceBlue and Infinilux have not incurred all of their legal fees and costs, but the calculation will include the total attorneys' fees and costs associated with defending against NICOR's claims and prosecuting their own claims.

### f.   **INSURANCE**

The parties are unaware of any insurance coverage for this action.

g.  **MOTIONS**

NICOR anticipates moving to amend its Complaint against SourceBlue to add claims for intentional interference with prospective and/or contractual economic relations and unfair competition.  NICOR does not expect to add additional parties at this time but reserves its right to do so if additional information becomes available during discovery.

Neither SourceBlue nor Infinilux currently anticipate adding additional parties at this time, but reserve the right to do so as additional information becomes available during discovery

h.  **DISPOSITIVE MOTIONS**

NICOR expects to file a dispositive motion on SourceBlue's and Infinilux's state tort claims and one or more affirmative defenses and reserves the right to file a dispositive motion on its claims of infringement of the '427 Patent.

Depending on evidence that comes to light during discovery or their ongoing investigation, SourceBlue and Infinilux may file one or more motions for summary judgment on the issues of patent invalidity and non-infringement and on one or more of NICOR's affirmative defenses to their state law claims.

i.  **MANUAL FOR COMPLEX LITIGATION**

The parties agree that this matter is not complex such that any portion of the Manual for Complex Litigation should be used in managing this matter.

j.  **STATUS OF DISCOVERY**

No discovery under the Federal Rules of Civil Procedure have been served to date.  NICOR has provided SourceBlue and Infinilux with sample claim charts for the Accused Product and the '427 Patent prior to filing the SourceBlue action. SourceBlue and Infinilux subsequently provided their responsive positions on non-infringement, as well as key claim construction issues.  The parties expect to exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a) on November 12, 2021.

### k. **DISCOVERY PLAN**

The parties intend to conduct discovery on the claims and defenses consistent with this Court's Local Rules and Standing Patent Rules.  Thus, except as noted, the parties agree that no revisions to the discovery limits set forth in the Federal Rules of Civil Procedure are necessary at this time.  As provided for in Rule 26(b)(2)(A), Fed. R. Civ. P., a party may petition the Court to alter these limits based on facts and circumstances that develop as discovery progresses.

#### 1. **Anticipated Deponents:**

Each party anticipates conducting Rule 30(b)(6) depositions of the other party, as well as depositions of at least the witnesses identified by the parties above and in their initial disclosures, as well as experts, and may conduct depositions of non-parties as well. The parties proposed dates for completion of non-expert and expert depositions is set forth in Exhibit A.

#### 2. **Anticipated Written Discovery Requests:**

The parties agree that written discovery in this action shall be governed by the limits imposed by the Federal Rules of Civil Procedure. The parties will shortly exchange written discovery requests, including initial requests for production and interrogatories.

#### 3. **Schedule for Completion of All Discovery:**

The parties agree that claim construction and fact discovery should be completed first, followed by expert discovery.  The parties do not anticipate a need for discovery to be conducted in phases or to be limited to or focused on particular issues.

The parties' proposed schedule for completion of non-expert and expert discovery is attached as Exhibit A.

The parties request the discovery schedule attached hereto in Exhibit A.

1

**4.   Bifurcation of Trial:**

2       The SourceBlue and Infinilux Actions are related as the Court has observed.

3   The parties believe that efficiencies will be gained by coordinating pretrial activities

4   between the two cases.  However, at this time, the parties have not decided whether

5   the two cases should be consolidated for trial.

6

**5.   Disclosures under Fed. R. Civ. P. 26(a)**

7       The parties will exchange initial disclosures under Rule 26(a)(1)(A) of the

8   Federal Rules of Civil Procedure on November 12, 2021. The parties did not request

9   modification of, or otherwise modify, the requirements of Rule 26(a)(1)(A).

10

**6.   Subjects on Which Discovery May be Needed**

11      The parties anticipate taking discovery on the subjects that typically

12   accompany cases involving patent infringement and related state law claims as

13   follows:

14   **NICOR**: NICOR intends to conduct discovery on: its claims of patent

15   infringement, willfulness of infringement, damages, and on its tort

16   claims/counterclaims, including unfair competition and intentional interference with

17   NICOR's prospective and/or contractual economic relations.  NICOR will also

18   conduct discovery on SourceBlue's and Infinilux's tort claims and counterclaims,

19   affirmative defenses, and damages.  Anticipated discovery includes written discovery

20   and depositions of SourceBlue and Infinilux employees and Rule 30(b)(6)

21   representatives, Facebook, Turner Construction, Cupertino Electric, and other

22   suppliers and purchasers of the Accused Product.

23   **SourceBlue and Infinilux**: SourceBlue and Infinilux currently anticipate that

24   discovery may be necessary on, at least, the following non-exhaustive list of topics:

25   (i) NICOR's patent infringement contentions; (ii) the conception and reduction to

26   practice of the purported invention of the '427 Patent; (iii) the prosecution of the '427

27   Patent; (iv) identification of any products alleged to practice the '427 Patent and any

28   non-infringing alternatives; (v) the patentee's knowledge of, and disclosures of, prior

1    art in applying for and obtaining the '427 Patent; (vi) the prosecuting attorney's

2    knowledge of, and disclosures of, prior art in applying for and obtaining the '427

3    Patent; (vii) the prior art and other invalidity issues relating to the '427 Patent; (viii)

4    any licenses or other agreements relating to the '427 Patent; (ix) the bases (if any) for

5    NICOR's allegations; (x) NICOR's pre-filing investigation and communications with

6    customers of SourceBlue and Infinilux regarding its allegations of infringement;

7    (xviii) the bases for SourceBlue and Infinilux's state law claims and their respective

8    damages.

9            **7.    Issues About Discovery, Disclosure, or Preservation of ESI**

10                   **a)    E-Discovery Order**

11           The parties agree to prepare and jointly file a stipulated proposed E-Discovery

12    Order for the Court's approval to govern the production and format of electronically-

13    stored information.

14                   **b)    Protective Order**

15           The parties agree that a Protective Order with a patent prosecution bar should

16    be entered in the present case and are presently negotiating a protective order.  The

17    parties also anticipate they will include a provision under Fed. R. Evid. 502 regarding

18    non-waiver due to inadvertent disclosure.  When the parties have finalized their

19    negotiations, they will either jointly submit their proposed protective order to the

20    Magistrate or present their dispute related to the proposed protective order to the

21    Magistrate for consideration.

22            **8.    Issues About Claims of Privilege or Protection as Trial**

23                   **Preparation Materials**

24           The parties agree that information concerning documents or things otherwise

25    protected by the attorney-client privilege, work product doctrine, or other privilege

26    or protection ("Privileged Materials") shall be listed on a withheld document log

27    except that the parties are not required to log Privileged Materials that were created

28    on or after the filing date of the SourceBlue Action.  As to draft reports and

1    communications between a party's attorney and expert witnesses, the parties agree

2    that the protections afforded by Rule 26(b)(4), Fed. R. Civ. P., apply.

3                    **9.    Any Changes Made in Limitations on Discovery**

4            The parties agree to the discovery limits imposed by the Federal Rules of Civil

5    Procedure, except as noted herein. As provided for in Rule 26(b)(2)(A), Fed. R. Civ.

6    P., a party may petition the Court to alter these limits based on facts and

7    circumstances that develop as discovery progresses.

8                                **a. Written Discovery**

9            The parties agree that written discovery in this action shall be governed by the

10    limits imposed by the Federal Rules of Civil Procedure.

11                                    **b. Depositions**

12           The parties agree that each party may take up to ten (10) fact depositions,

13    excluding non-party witnesses, and that depositions noticed pursuant to Rule 30(b)(6)

14    as provided for under Rule 30(a)(2)(A)(i) shall be treated as one of the (10) fact

15    depositions even if more than one witness is offered for different topics.  The parties

16    agree to disclose the names of their respective Rule 30(b)(6) designees and their

17    designated topics at least five (5) business days before the date of the deposition.

18           The parties shall work cooperatively on the scheduling of all party and

19    nonparty depositions.

20                    **10.  Other Stipulations Between the Parties**

21           The parties agree that for all documents not publicly filed with the Court via

22    the CM/ECF system, documents will be served by email to all counsel of record using

23    the service email addresses provided by each party.

24           The parties agree that documents produced in the SourceBlue case may be used

25    in connection with the Infinilux case and vice versa.

26           A party who receives documents from a third party pursuant to a subpoena

27    shall produce those documents to the other party within five (5) business days of

28    receipt. Where production of documents within five (5) business days is not possible,

the party who received the documents will provide notice to the other party within the five (5) business day period, and will work in good faith to resolve the issue on a case-by-case basis.

**l.      DISCOVERY CUT-OFF**

The Parties propose a non-expert discovery cut-off date of September 16, 2022.

**m.      EXPERT DISCOVERY**

The parties propose the schedule outlined below and as attached in Exhibit A.

Expert Disclosure (Initial):  August 5, 2022.

Expert Disclosure (Rebuttal): September 2, 2022

Expert Discovery Cut-off:    September 16, 2022

**n.      SETTLEMENT CONFERENCE / ADR PROCEDURE SELECTION**

The parties agree to mediation either before a private mediator or the magistrate.  The parties have not had substantive settlement discussions.

**o.      PRELIMINARY TRIAL ESTIMATE**

The parties have requested a jury trial and currently estimate 7 days for trial, including jury selection, opening and closing arguments.  The parties currently expect to call from 4-6 witnesses each, some of which may overlap.

**p.      TRIAL COUNSEL**

For NICOR: Lena N Bacani.

For SourceBlue and Infinilux:  David A. Randall.

**q.      INDEPENDENT EXPERT OR MASTER**

The parties agree that no independent expert or special master is required for this case.

1     **r.**     <u>**OTHER ISSUES**</u>

2         The parties believe a Markman Hearing may be necessary for claim

3 construction of the '427 Patent and shall propose dates in a separate filing as

4 contemplated by the Court's Order Setting Scheduling Conference.

5

6   Dated:  November 5, 2021        **LOZA & LOZA, LLP**

7

8                              By: */s/ Lena Bacani*

9                                  Lena N. Bacani (SBN 213556)

                             *Attorneys for NICOR, Inc.*

10

11

12   Dated:  November 5, 2021        **HACKLER DAGHIGHIAN MARTINO & NOVAK P.C.**

13

14                              By: */s/ David A. Randall*

15                                 David A. Randall  (SBN 156722)

16                              *Attorneys for SourceBlue, LLC. f/k/a*
                             *Turner Logistics, LLC, and Infinilux*

17                              *Corporation*

18

19

20

21

22

23

24

25

26

27

28

Joint Rule 26(f) Report
2:21-cv-05876-AB(PDx);
2:21-cv-5300-AB(PDx)

**ATTACHMENT A**
**JUDGE ANDRÉ BIROTTE JR.**
**SCHEDULE OF PRETRIAL AND TRIAL DATES WORKSHEET**

*Please complete this worksheet jointly and file it with your Joint Rule 26(f) Report.*
**The Court _ORDERS_ the parties to make every effort to agree on dates.**

| Case Nos.<br>2:21-cv-05876-AB(PDx);<br>2:21-cv-5300-AB(PDx) | Case Names:<br>NICOR, Inc. v. SourceBlue, LLC;<br>Infinilux Corp. v. NICOR, Inc. |
|---|---|

| **Trial and Final Pretrial Conference Dates** | Pl(s)' Date<br>mm/dd/yyyy | Def(s)' Date<br>mm/dd/yyyy | Court Order<br>mm/dd/yyyy |
|---|---|---|---|
| Check one:  [ X ] Jury Trial  or  [ ] Court Trial<br>(**_Tuesday_ at 8:30 a.m., within 18 months after Complaint filed)**<br>Estimated Duration: ___7____ Days | 2/14/2023 | 2/14/2023 | [ ] Jury Trial<br>[ ] Court Trial<br><br>_____Days |
| Final Pretrial Conference ("FPTC") [L.R. 16], Hearing on Motions  In Limine<br>(**_Friday_ at 11:00 a.m., at least 17 days before trial)** | 1/27/2023 | 1/27/2023 | |

| **Event** [2]<br>_Note:_ Hearings shall be on Fridays at 10:00 a.m.<br>Other dates can be any day of the week. | **Weeks Before FPTC** | Pl(s)' Date<br>mm/dd/yyyy | | Court Order<br>mm/dd/yyyy |
|---|---|---|---|---|
| Last Date to **_Hear_** Motion to Amend Pleadings/Add Parties *[Friday]* | | 03/04/2022 | 3/04/2022 | |
| Non-Expert Discovery Cut-Off<br>**(no later than deadline for _filing_ dispositive motion)** | 17 | 09/16/2022 | 9/16/2022 | |
| Expert Disclosure (Initial) | | 08/05/2022 | 8/05/2022 | |
| Expert Disclosure (Rebuttal) | | 09/02/2022 | 9/2/2022 | |
| Expert Discovery Cut-Off | 12[3] | 09/16/2022<br>(19+ weeks<br>before FPTC) | 9/16/2022 | |
| Last Date to **_Hear_** Motions *[Friday]*<br>• Rule 56 Motion due at least 5 weeks before hearing<br>• Opposition due 2 weeks after Motion is filed<br>• Reply due 1 week after Opposition is filed | 12 | 11/04/2022 | 11/04/2022 | |

[2] **The parties may seek dates for additional events by filing a separate Stipulation and Proposed Order. _Class actions and patent and ERISA cases in particular may need to vary from the above_.**

[3] **The parties may wish to consider cutting off expert discovery prior to the deadline for _filing_ an MSJ.**

| | | | | |
|---|---|---|---|---|
| Deadline to Complete Settlement Conference [L.R. 16-15]<br>*Select one:*  [X] 1. Magistrate Judge *(with Court approval)*<br>[ ] 2. Court's Mediation Panel<br>[ X ] 3. Private Mediation | 10 | 9/23/2022 [1] or [3] | 9/23/2022 [1] or [3] | [ ] 1. Mag. J.  [ ] 2. Panel<br>[ ] 3. Private |
| **Trial Filings (first round)**<br>• Motions in Limine<br>• Memoranda of Contentions of Fact and Law [L.R. 16-4]<br>• Witness Lists [L.R. 16-5]<br>• Joint Exhibit List [L.R. 16-6.1]<br>• Joint Status Report Regarding Settlement<br>• Proposed Findings of Fact and Conclusions of Law [L.R. 52] *(court trial only)*<br>• Declarations containing Direct Testimony, if ordered*(court trial only)* | 3 | 12/09/2022 | 12/9/2022 | |
| **Trial Filings (second round)**<br>• Oppositions to Motions In Limine<br>• Joint Proposed Final Pretrial Conference Order [L.R. 16-7]<br>• Joint/Agreed Proposed Jury Instructions *(jury trial only)*<br>• Disputed Proposed Jury Instructions *(jury trial only)*<br>• Joint Proposed Verdict Forms *(jury trial only)*<br>• Joint Proposed Statement of the Case *(jury trial only)*   • Proposed Additional Voir Dire Questions, if any *(jury trial only)*<br>• Evidentiary Objections to Decls. of Direct Testimony*(court trial only)* | 2 | 12/16/2022 | 12/16/2022 | |