1  David A. Randall (SBN 156722)
   dave@hdmnlaw.com
2  Ehab M. Samuel (SBN 228296)
   esamuel@hdmnlaw.com
3  Paul G. Novak (SBN 261388)
   paul@hdmnlaw.com
4  HACKLER DAGHIGHIAN MARTINO & NOVAK P.C.
5  10900 Wilshire Blvd., Suite 300
   Los Angeles, CA 90024
6  Tel.: (310) 887-1333
   Fax: (310) 887-1334
7
8  *Attorneys for SourceBlue, LLC and
   Infinilux Corporation*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| NICOR, INC., <br><br> Plaintiff, <br><br> v. <br><br> SOURCEBLUE, LLC f/k/a TURNER LOGISTICS, LLC, <br><br> Defendant. <br><br> Consolidated for all purposes with: <br><br> INFINILUX CORPORATION <br><br> Plaintiff, <br><br> v. <br><br> NICOR, INC. <br><br> Defendant. | Case No. 2:21-cv-05876-AB(PDx) <br><br> **SOURCEBLUE, LLC'S AND INFINILUX CORPORATION'S EX PARTE APPLICATION TO MODIFY THE SCHEDULING ORDER** <br><br> Honorable André Birotte Jr. <br> Ctrm: 7B |

SourceBlue LLC and Infinilux Corporation respectfully request an order extending all discovery deadlines by one month so that the cut-off for fact and expert discovery to December 16, 2022. Without this relief, they will be irreparably prejudiced by NICOR's failure to timely produce its documents. They will be prevented from using such evidence to support their motion for summary judgment (due December 9, 2022) and to oppose any motion for summary judgment that NICOR files.

On November 9, counsel for the moving parties sent NICOR's counsel a Rule 37-1 letter inviting her to meet and confer regarding a motion to compel production of documents NICOR had agreed on August 1, 2022, to produce but has not yet produced. Randall Decl., Ex. B. In response, NICOR's counsel stated that fact discovery closes November 16, 2022. The moving parties' counsel reminded her of the September 12, 2022 agreement of the parties to extend discovery dates by one month and stated that if their position was that the discovery cut-off was November 16, 2022 (today), then this motion would be filed. NICOR's counsel responded that the agreement was limited to expert reports, and denied that NICOR agreed to extend all discovery deadlines. The undersigned followed up with opposing counsel via email and a voicemail message to inform her that SourceBlue and Infinilux would be filing the present motion and to inquire if NICOR had reconsidered its position. Randall Decl., ¶ 31. The moving parties understand that NICOR opposes this *ex parte* application. *Id.*

This *ex parte* application is based on the accompanying Memorandum of Points and Authorities, the Declaration of David A. Randall in Support ("Randall Decl."), and the pleadings and papers on file.

-2-

DATED: November 16, 2022

Respectfully submitted,

HACKLER DAGHIGHIAN MARTINO & NOVAK, P.C.
By: /s/ David A. Randall
David A. Randall (CA SBN 156722)
Ehab M. Samuel (CA SBN 228296)

Attorneys for SOURCEBLUE, LLC and INFINILUX CORPORATION

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Under the Scheduling Order, as modified August 9, 2022, the cut-off for fact and expert discovery is today, November 16, 2022. (Dkt. 61). As explained below, the cut-off should be extended until December 16, 2022, for the following reasons. First, NICOR has failed to comply with its discovery obligations with respect to documents it agreed to produce in response to requests for production served July 1, 2022. Randall Decl., ¶¶ 8, 12, 15, 16, and 21 and Ex. B. Second, both parties need to take additional fact and expert depositions to prepare motions due no later than December 9, 2022. *Id.*, ¶¶ 20, 22, 24, 25, and 27; Dkt. 61. Without the additional documents and deposition testimony, the moving parties will be irreparably prejudiced in their ability to serve their rebuttal expert reports and to support their motion for summary judgment. *Id.*, ¶ 21. The requested modifications to the schedule are reflected in the table below:

| Matter | Current Deadline | Proposed Deadline |
|---|---|---|
| Non-Expert Discovery Cut-Off | November 16, 2022 | December 16, 2022 |
| Expert Disclosure (Initial) | October 5, 2022 | November 4, 2022 (the date the parties served) |
| Expert Disclosure (Rebuttal) | November 2, 2022 | December 2, 2022 |
| Expert Discovery Cut-Off | November 16, 2022 | December 16, 2022 |

## II. BACKGROUND

NICOR is the owner of U.S. Patent No. 10,824,427 ("the '427 Patent") and has accused both moving parties of infringing the '427 Patent. (Dkt. SB36, ¶ 1. Inf. Dkt. 17, ¶ 9). SourceBlue LLC sells and markets LED lighting systems under the Solidian® brand. (Dkt. 13 (countercl.) ¶ 10). Infinilux Corporation provides

SourceBlue with all the equipment that makes up the Solidian® RDCC lighting system. (Dkt. IN2, ¶ 4, ¶ 12). NICOR and SourceBlue are competitors which have both provided lighting systems for Facebook data centers.

The Court issued its Order re: Jury/Court Trial, including a schedule of pretrial and trial dates, on November 12, 2021. (Dkt. 48). The parties subsequently filed a joint stipulation to continue certain dates by two months, which the Court granted on August 9, 2022. Dkt. SB 61. Under the Court's current scheduling order, the discovery cut-off is today, November 16, 2022, opening expert reports were due October 5 and rebuttal expert reports were due November 2. (Dkt. 61). The last day for summary judgment motions to be heard is January 13, 2023, meaning they must be filed no later than December 9, 2022.

### III.  ARGUMENT

**A. Legal Standard**

Under Fed. R. Civ. P. 16, once a scheduling order has been entered, it may not be modified except upon a showing of "good cause" and by leave of the court. Fed. R. Civ. P. 16(b)(4); *see also* Local Rule 16-14. To establish good cause under Rule 16(b), the party seeking the modification must show that even with the exercise of due diligence, it cannot meet the set timetable. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992); *Zovkovic v. Southern Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002). "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Id.*

**B. Good Cause Exists To Modify the Scheduling Order Because the Parties Cannot Complete Their Noticed Depositions on the Current Timetable**

SourceBlue and Infinilux noticed depositions of NICOR's fact and expert witnesses in the next month with the understanding that the parties had agreed to

extend the discovery cut-off until December 16, 2022. (Randall Decl., ¶¶ 16, 20, 24, and 25). These depositions are potentially relevant to *Daubert* motions and to motions for summary judgment. (*Id.*, ¶ 27).

NICOR lacks any reasonable basis to oppose this application. NICOR has also noticed depositions that are yet to be completed. It noticed Fed. R. Civ. P. 30(b)(6) depositions of SourceBlue and Infinilux for November 14 and 15, and on November 7, NICOR's counsel inquired about whether they could go forward on those dates. (*Id.*, ¶ 22). The moving parties' counsel informed her that he was still working to confirm dates. (*Id.*, ¶ 22). NICOR's counsel did not raise any issue with respect to having the depositions proceed after November 16th. (*Id.*, ¶ 22). In short, both sides appear to need the requested relief. The only conceivable reason NICOR would oppose this application is that it is resisting producing documents and witnesses that would help the moving parties.

## IV.   CONCLUSION

SourceBlue and Infinilux have demonstrated good cause for this *ex parte* application for the scheduling order to be modified to extend all discovery dates by one month, including fact and expert discovery cut-off to December 16, 2022.

Respectfully submitted,

Dated: November 16, 2022

**HACKLER DAGHIGHIAN MARTINO & NOVAK P.C.**

By: */s/ David A. Randall*
David A. Randall (SBN 156722)
Ehab M. Samuel (CA SBN 228296)

*Attorneys for SourceBlue, LLC. f/k/a Turner Logistics, LLC, and Infinilux Corporation*

# CERTIFICATE OF SERVICE

I certify that on November 16, 2022, a copy of **SOURCEBLUE, LLC'S AND INFINILUX CORPORATION'S EX PARTE APPLICATION TO MODIFY THE SCHEDULING ORDER** was served by electronic mail transmission on the following:

>Lena N. Bacani (SBN 213556)
>lena.bacani@lozaip.com
>**LOZA & LOZA, LLP**
>305 N. Second Ave., Ste. 127
>Upland, CA 91786
>Telephone: (877) 406-5164
>Facsimile: (213) 394-3625

DATED: November 16, 2022

By: /s/ David A. Randall
David A. Randall

*Attorneys for SourceBlue, LLC f/k/a Turner Logistics, LLC and Infinilux Corporation*