David A. Randall (SBN 156722)
dave@orbitip.com
Ehab M. Samuel (SBN 228296)
esamuel@orbitip.com
Thomas J. Brindisi (SBN 175587)
tom@orbitip.com
ORBIT IP LLP
10900 Wilshire Blvd., Suite 300
Los Angeles, CA 90024
Tel.:  (310) 887-1333
Fax:  (310) 887-1334

*Attorneys for SourceBlue, LLC and Infinilux Corporation*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| NICOR, INC.,<br><br>              Plaintiff,<br><br>v.<br><br>SOURCEBLUE, LLC f/k/a TURNER LOGISTICS, LLC,<br><br>              Defendant.<br><br>Consolidated for all purposes with:<br><br>INFINILUX CORPORATION<br><br>              Plaintiff,<br><br>v.<br><br>NICOR, INC.<br><br>              Defendant. | Case No.  2:21-cv-05876-AB(PDx) and 2:21-cv-5300 AB (PDx)<br><br>**SOURCEBLUE, LLC'S AND INFINILUX CORPORATION'S NOTICE OF MOTION AND MOTION TO STRIKE AND EXCLUDE EXPERT OPINIONS OF. E. FRED SCHUBERT, Ph.D.**<br><br>Honorable André Birotte Jr.<br>Ctrm:  7B, 350 West 1st Street,<br>Los Angeles, CA 90012<br>Hearing Date: May 26, 2023<br>Hearing Time: 10:00 a.m.<br><br>Complaint Filed:  May 14, 2021<br>Trial Date:  August 8, 2023 |

**TO THE COURT, THE PARTIES, AND COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on May 26, 2023, at 10:00 am or as soon thereafter as the matter may be heard, in Courtroom 7B of the United States Courthouse, located at 350 West First Street, Los Angeles, California, Defendant and Counterclaimant SourceBlue LLC and Consolidated Plaintiff Infinilux Corporation (together, "the SourceBlue Parties"), will and do move the Court under Fed. R. Evid. 703 and *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S 579 (1993) for an order excluding the following opinions from the April 7, 2023, Rebuttal Expert Report on Validity of E. Fred Schubert, Ph.D. ("Schubert Rebuttal Report") on the grounds that they are inadmissible because they are unreliable, not relevant and/or unhelpful and thus would mislead and confuse the fact-finder:

(i) opinions on written description and enablement for being based on the application of incorrect legal standards provided by NICOR's counsel; and

(ii) opinions in Section XVII.B of the Schubert Rebuttal Report for factually and legally applying the wrong analysis to determine whether U.S. Patent No. 10,824,427 ("the '427 patent") is entitled to the priority date of either U.S. Provisional Patent Application Ser. No. 62/668,642 ("the '642") or U.S. Provisional Patent Application Ser. No. 62/764,678 ("the '678").

Counsel for the parties have met and conferred as required by L.R. 7-3. While counsel engaged in a meaningful discussion, they were unable to reach a resolution eliminating the need for this motion. This motion is therefore made following the conference of counsel, which took place on Friday April 14, 2023.

This motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Appendix of Exhibits, the [Proposed] Order filed herewith, the pleadings and papers on file in this matter, and the arguments of counsel at the hearing.

Respectfully submitted,

DATED:  April 25, 2023

ORBIT IP, LLP

By:  /s/ David A. Randall
David A. Randall (CA SBN 156722)
Ehab M. Samuel (CA SBN 228296)
Thomas J. Brindisi (SBN 175587)

*Attorneys for Defendant and Counterclaimant*
SOURCEBLUE, LLC *and Consolidated Plaintiff* INFINILUX CORPORATION

1

## TABLE OF CONTENTS

2  I.    INTRODUCTION ................................................................1

3  II.   LEGAL STANDARD ...........................................................1

4  III.  ARGUMENT....................................................................2

5       A.    The Court Should Exclude Dr. Schubert's Opinions on Written
             Description and Enablement as Applying Incorrect Legal
6            Standards and Thus Unreliable and Unhelpful to the Fact Finder........2

7             1.    The Law Precludes Incorporation by Reference of
                   "Essential Material," i.e., Material Necessary To Satisfy
8                  the Written Description Requirement or Enablement
                   Requirement from Provisional Patent Applications .................. 2
9

10            2.    Contrary to the Law, NICOR's Counsel Instructed Dr.
11                 Schubert To Consider "Essential Material" Improperly
                   Incorporated by Reference from a Provisional Application
12                 and Failed To Advise Him To Use An Applicable Rule
                   From The C.F.R. for Guidance Rather Than Wikipedia ........... 3
13

14            3.    The Court Should Exclude Dr. Schubert's Opinions on
15                 Written Description as Being Based on the Application of
                   Incorrect Legal Standards and Thus Unreliable and
16                 Unhelpful to the Fact Finder ...................................... 8
17

18            4.    The Court Should Exclude Dr. Schubert's Opinions on
                   Enablement............................................................ 15
19

20      B.    The Court Should Exclude Dr. Schubert's Opinions in Section
             XVII.B of the Schubert Rebuttal Report Relating to Whether the
21           '642 and '678 Provisional Applications Provide the Necessary §
             112(a) Support for the Claims of the '427 Patent as Being
22           Unreliable, Not Relevant, and Unhelpful............................16
23

24 IV.   CONCLUSION.............................................................17

25

26

27

28

# TABLE OF AUTHORITIES

## Cases

*Ariad Pharms., Inc. v. Eli Lilly & Co.*,
  598 F.3d 1336 (Fed. Cir. 2010) ..................................................... 11

*Daubert v. Merrell Dow Pharms., Inc.*,
  509 U.S. 579 (1993).......................................................................... 1

*Elsayed Mukhtar v. California State Univ., Hayward*,
  299 F.3d 1053 (9th Cir. 2002) .......................................................... 2

*Estate of Barabin v. Asten Johnson, Inc.*,
  740 F.3d 457 (9th Cir. 2014) ............................................................ 2

*Kumho Tire Co. v. Carmichael*,
  526 U.S. 137 (1999)........................................................................... 1

*New Railhead Mfg., L.L.C. v. Vermeer Mfg. Co.*,
  298 F.3d 1290 (Fed. Cir. 2002) ................................................. 16, 17

*Nomadix, Inc. v. Second Rule LLC*, No. 07-01946 DDP,
  2009 WL 10668158 (C.D. Cal. Jan. 16, 2009).......................... 2, 3, 16

*Novartis Pharms. Corp. v. Accord Healthcare, Inc.*,
  38 F.4th 1013 (Fed. Cir. 2022) (Chief J. Moore) .............. 11, 14, 15

*Perfect 10 v. Giganews, Inc.*, CV 11-07098-AB (SHx),
  2014 U.S. Dist. LEXIS 185066 (C.D. Cal. Oct. 31, 2014) ........... 1, 2

*Powdermagic, Ltd. v. Rossignol Ski Co.*,
  2005 U.S. Dist. LEXIS 41847, at *7-8 (D. Utah 2005) ........... 14, 15

*Purdue Pharma L.P. v. Faulding Inc.*,
  *230 F.3d 1320* (Fed. Cir. 2000) ................................................... 14

*Stilwell v. Smith & Nephew, Inc.*,
  482 F.3d 1187 (9th Cir. 2007) ......................................................... 1

1

2

## Statutes

35 U.S.C. § 111(b) ................................................................................................ 16

35 U.S.C. § 112(a) .................................................................................................. 3

35 U.S.C. § 119(e) .................................................................................................. 2

35 U.S.C. § 119(e)(1) ........................................................................................... 16

## Rules

37 C.F.R. § 1.57(d) ................................................................................ 2, 3, 11, 16

37 C.F.R. § 1.57(d)(1) ............................................................................................ 3

Fed. R. Evid. 702 .................................................................................................... 1

## I.    INTRODUCTION

NICOR, Inc. ("NICOR") retained E. Fred Schubert, Ph.D. as a testifying expert to offer his opinions on the validity of the U.S. Patent No. 10,824,427 ("the 427 patent"). His opinions are neither reliable nor relevant. In support of his validity analysis regarding written description, effective filing date, and enablement Dr. Schubert applies the incorrect legal standards in rendering his opinions, making each of his opinions legally flawed and unreliable.

## II.    LEGAL STANDARD

Expert testimony is admissible if the party offering such evidence shows that the testimony is both reliable and relevant. Fed. R. Evid. 702; *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999); *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 590–91 (1993). Rule 702 permits expert testimony if "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702.

This court has recognized that Rule 702 "imposes a special obligation upon a trial judge to ensure that any and all scientific testimony . . . is not only relevant, but reliable." *Perfect 10 v. Giganews, Inc.*, CV 11-07098-AB (SHx), 2014 U.S. Dist. LEXIS 185066, at *6 (C.D. Cal. Oct. 31, 2014). In other words, Rule 702 "imposes a gatekeeping obligation on the trial court to guard the twin concerns of reliability and helpfulness." *Id.* (citing *Stilwell v. Smith & Nephew, Inc.*, 482 F.3d 1187, 1192 (9th Cir. 2007)). The importance of maintaining the standards for expert admissibility set forth in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 508 U.S. 579 (1993), is "particularly important considering the aura of authority experts often exude, which can lead juries to give more weight to their testimony." *Perfect 10*,

2014 U.S. Dist. LEXIS 185066, at *6 (quoting *Elsayed Mukhtar v. California State Univ., Hayward*, 299 F.3d 1053, 1064-65 (9th Cir. 2002), *overruled on other grounds in Estate of Barabin v. Asten Johnson, Inc.*, 740 F.3d 457, 467 (9th Cir. 2014)).

## III.    ARGUMENT

The Schubert Rebuttal Report is replete with inaccurate and/or incomplete statements of the law that Dr. Schubert was provided to guide his opinions on invalidity.  Because Dr. Schubert applied incorrect legal standards for a number of his opinions, those opinions must be excluded as unreliable and not relevant.

**A.    The Court Should Exclude Dr. Schubert's Opinions on Written Description and Enablement as Applying Incorrect Legal Standards and Thus Unreliable and Unhelpful to the Fact Finder**

**1.    The Law Precludes Incorporation by Reference of "Essential Material," i.e., Material Necessary To Satisfy the Written Description Requirement or Enablement Requirement from Provisional Patent Applications**

The '427 patent incorporates by reference three provisional patent applications to which it claims benefit under 35 U.S.C. § 119(e), namely (1) U.S. Provisional Application Ser. No. 62/576,877 ("the '877"), filed October 25, 2017, (2) U.S. Provisional Patent Application Ser. No. 62/668,642 ("the '642") filed May 8, 2018, and Provisional Patent Application Ser. No. 62/764,678 ("the '678") filed August 15, 2018. SourceBlue and Infinilux Appendix of Exhibits, Ex. 20 ('427 patent) 1:7-26.[1] The law, however, precludes the incorporation by reference of "essential material" from provisional patent applications. 37 C.F.R. § 1.57(d); *Nomadix, Inc. v. Second Rule LLC*, No. 07-01946 DDP, 2009 WL 10668158, at *25 (C.D. Cal. Jan. 16, 2009).

Rule 57(d) provides, in relevant part:

---

[1] Exhibits in the Appendix of Exhibits are cited to as "Ex. __" herein.

(d) "Essential material" may be incorporated by reference, but only by way of an incorporation by reference to a U.S. patent or **U.S. patent application publication**, which patent or patent application publication does not itself incorporate such essential material by reference.

§ 1.57(d). Essential material is necessary to, among other things, satisfy the written description or enablement requirements of 35 U.S.C. § 112(a). 37 C.F.R. § 1.57(d)(1). In *Nomadix*, this Court analyzed whether a patent's incorporation by reference of a provisional application satisfied the requirements of § 112(a) and § 1.57(d). 2009 WL 10668158, at *24. Notably, this Court explained that ***"[i]f § 1.57 applied to the [challenged] patent, there would be no question that the [] provisional application was improperly incorporated*.**" *Id.* (emphasis added).[2]

> **2.** **Contrary to the Law, NICOR's Counsel Instructed Dr. Schubert To Consider "Essential Material" Improperly Incorporated by Reference from a Provisional Application and Failed To Advise Him To Use An Applicable Rule From The C.F.R. for Guidance Rather Than Wikipedia**

Contrary to the legal prohibition of the incorporation by reference of "essential material" from a provisional patent application, at page 21 of the Schubert Rebuttal Report, Dr. Schubert sets forth his understanding of the law on incorporation by reference:

> I understand that other patents or patent applications incorporated by reference in the patent application at issue **must be considered** in

---

[2] In *Nomadix*, the challenged patent was filed before the regulation went into effect and there was no indication that the regulation applied retroactively, the court held that § 1.57(d) did not apply to the challenged patent and its incorporation by reference to a provisional application was sufficient under § 112. *Id.* That is not an issue in this case, as all three of the provisional applications in this case were filed after the regulation went into effect.

assessing whether that patent application ***provides adequate written description***.

Ex. 59 (Schubert Rebuttal Report) at 21 (emphasis added). NICOR's counsel provided this standard to Dr. Schubert to apply. Ex. 62 (Schubert Tr.) 184:17 – 185:10.

Dr. Schubert also found the Wikipedia definition below on his own and referenced it to express his understanding of the scope incorporation by reference:

**Wikipedia defines** "incorporation by reference" as follows: "**In law, incorporation by reference is the act of including a second document within another document by only mentioning the second document. This act, if properly done, makes the entire second document a part of the main document.** Incorporation by reference is often found in laws, regulations, contracts, legal and regulated documentation." (see Wikipedia internet site at < https://en.wikipedia.org/wiki/Incorporation_by_reference >

Ex. 59 at 84 (emphasis added).

The foregoing statements of Dr. Schubert are contrary to the law on incorporation by reference of "essential material" from provisional patent applications. Dr. Schubert's testimony also confirms that (1) NICOR's counsel provided him the incorrect legal standard for incorporation by reference with respect to written description (*i.e.*, essential material), (2) NICOR's counsel did not correct Dr. Schubert's inappropriate reliance on Wikipedia as the standard for incorporation by reference in the context of patents and in particular their incorporation of essential material from provisional applications, and (3) Dr. Schubert did in fact treat the disclosures of the '877 patent and other incorporated provisional applications as part of the '427 patent for all purposes simply because the '427 patent says they are incorporated.

So for your definition or understanding of what's proper to incorporate by reference in a patent document, *you look to Wikipedia for that understanding.*

MS. BACANI: Object to form.

BY MR. RANDALL:

Q Correct? In footnote 3 on page 84 of your document?

**A I quoted from Wikipedia here, that's correct.**

Q And counsel did not provide you with any guidance on what the proper scope of incorporation by reference of a provisional patent application is?

MS. BACANI: Object to form.

THE WITNESS: Counsel provided legal guidance as I -- and I have expressed the legal guidance as expressed in my report.

BY MR. RANDALL:

Q What page reflects your understanding of counsel's guidance that they -- that counsel provided you on the law related to incorporation by reference of a provisional patent application.

A **Counsel's guidance is reflected in the legal section of my report.**

Q So if we go to the legal section, which one of these is incorporation by reference, understanding the legal principles?

**A I'm not sure if I understand your question correctly.**

**The '877 provisional application is incorporated by reference. That's what it says in the '427 Patent.**

**The '427 Patent states that the '877 Provisional Application is incorporated by reference.**

Q Just because the document says that it incorporates something by reference doesn't mean that it's legally possible, Dr. Schubert.

Do you understand the distinction?

MS. BACANI: Object to form, calls for a legal conclusion.

THE WITNESS: Counsel, there is no point in asking me legal questions. I have no -- I have no legal education. I'm not a lawyer. I'm not an attorney, I'm a technical expert.

**If the '427 Patent says that the '877 Provisional Application is incorporated by reference, I go by what the '427 Patent says.**

Ex. 62 (Schubert Tr.) 175:5 – 177:3 (bold in original, *italicized bolding* added).

Dr. Schubert also confirmed he has no legal training, his understanding of "incorporation by reference" in the patent context is not a legal understanding based on legal principles, and NICOR's counsel discussed the Wikipedia definition with Dr. Schubert but failed to provide him the correct standard for incorporation by reference of essential material from a provisional application.

Q And so sometimes there's issues that arise that counsel has to provide you guidance on, correct, because you don't have the legal understanding; all you have is the technical understanding, correct?

**A Correct, I'm not a lawyer. I have no legal education.**

***

Q So you don't have a separate section entitled "Incorporation by reference" to discuss what is a proper incorporation by reference, do you?

**A I have -- I have expressed my understanding but it is not a legal understanding; it is not an understanding that is based on legal principles.**

***

Q Did counsel tell you what the proper standard was?

1    MS. BACANI: Object to form.

2    THE WITNESS: I recall that we had a conversation on that point.

3    BY MR. RANDALL:

4    Q And did counsel tell you your understanding of incorporation by

5    reference was inaccurate?

6    **A I did my best to follow instructions by counsel but I don't**

7    **recall all the details.**

8    Q And did counsel provide you with the Wikipedia definition?

9    **A No.**

10    Q You went out and searched the Wikipedia definition for

11    incorporation by reference?

12    A Correct.

13    Q And counsel didn't correct you?

14    **A I do not recall any correction to that reference. The**

15    **reference is accurate.**

16    **I mean, you can look it up yourself. There is no doubt that the**

17    **footnote is accurate.**

18    Ex. 62 (Schubert Tr.) 179:12 – 182:11 (bold in original, ***italicized bolding*** added).

19    The following testimony confirms that NICOR's counsel was the one that

20    provided Dr. Schubert inaccurate legal standards for use in his written description

21    analysis.

22    **A At the top of page 21, third line from the top, "incorporated**

23    **by reference" is mentioned in the legal section.**

24    Q So the -- this is the sentence that you are referring to:

25    "I understand that other patents, patent applications..."

26    Let me see if I can get this highlighted. So:

27

28

"I understand that other patents or patent applications incorporated by reference in the patent application at issue must be considered in assessing whether that patent application provides adequate written description."

So that is the legal definition or the legal guidance that Ms. Bacani provided you?

MS. BACANI: Object to form.

**THE WITNESS: That is my understanding, correct.**

Ex. 62 (Schubert Tr.) 184:17 – 185:10 (bold in original, ***italicized bolding*** added).

As set forth more fully below, because Dr. Schubert treated each of the disclosures of the three incorporated provisional applications as part of the '427 patent for all purposes, his opinions related to essential material, *i.e.*, written description and enablement must be excluded. Not only are such opinions unreliable and unhelpful, but in view of counsel's failure to provide the correct legal standard for the expert to apply, Dr. Schubert has in effect become simply a mouthpiece for counsel on these issues. Further, Dr. Schubert's opinions related to written description also suffer from the fact that he has relied on disclosure added to the application that matured into the '427 patent after its filing date, which is improper.

**3. The Court Should Exclude Dr. Schubert's Opinions on Written Description as Being Based on the Application of Incorrect Legal Standards and Thus Unreliable and Unhelpful to the Fact Finder**

Throughout Section XVI of the Schubert Rebuttal Report, which is directed to the alleged written description support in the '427 patent, Dr. Schubert relies on the disclosure of the '877 provisional patent application to provide support for essential matter, in violation of Rule 57(d). *See* Ex. 59 (Schubert Rebuttal Report) at 81-96 (yellow highlighted portions showing Dr. Schubert's reliance on the '877

provisional application to provide 35 U.S.C. § 112(a) written description support for claim 1 of the '427 patent).

### a. Section XVI.A of Dr. Schubert's Rebuttal Report Should be Excluded for Improperly Relying on Essential Material from the '877 Provisional Application

In section XVI.A, for example, Dr. Schubert responds to Mr. Moss's opinion that the '427 patent fails to provide written description for the claim as an integrated whole. *Id.* at 81-82. Without analyzing the issues raised in Mr. Moss's Supplemental Invalidity Report regarding the failure of the '427 patent to provide written description support of the claim 1 as an integrated whole in a single embodiment or otherwise provide sufficient "blaze marks" to meet the written description requirement, Dr. Schubert responds in a conclusory manner simply stating, without analysis, that Mr. Moss's analysis is "unfounded." *Id.* at 82. He then proceeds to rely on the '877 provisional application to establish written description support for claim 1 of the '427 patent.

> Second, Mr. Moss's statement is incorrect in light of the Figure 9 embodiment of the '427 patent ***and incorrect in light of an embodiment disclosed in the 1st Provisional Application (the '877 Provisional Application)***.

*See* Ex. 59 (Schubert Rebuttal Report) at 82 (emphasis added). Because Dr. Schubert improperly relies on essential matter from the '877 provisional application in reaching his conclusory opinion in Section XVI.A, the conclusory opinions expressed in Section XVI.A should be excluded as being unreliable and unhelpful.

### b.  Section XVI.B of Dr. Schubert's Rebuttal Report Should be Excluded for Improperly Relying on Essential Material from the '877 Provisional Application

In Section XVI.B at pages 82-91 of the Schubert Rebuttal Report, Dr. Schubert *extensively discusses the '877 provisional application* and how it allegedly provides written description support for certain claim limitations of claim 1 of the '427 patent. *See* Ex. 59 (Schubert Rebuttal Report) at 82-91 (yellow highlighted portions showing Dr. Schubert's reliance on the 877 provisional application to provide 35 U.S.C. § 112(a) written description support). Indeed, at least four pages of the nine-page analysis are devoted to discussing the '877 provisional application disclosure. *Id.* Dr. Schubert's conclusion for Section XVI.B also confirms that he is improperly treating the '877 provisional application as part of the '427 patent for purposes of written description. His conclusion reads:

> In conclusion, I understand that the test for sufficiency of written description is whether the disclosure of the patent in question reasonably conveys to those skilled in the art, that the inventors had possession of the claimed subject matter, as of the priority date of the patent. ***Considering the '427 patent disclosure in its entirety, it is my opinion that the Written Description requirement is met***, that is, the disclosure of the '427 patent reasonably conveys to those skilled in the art ***that the inventors had possession of the claimed subject matter as of the priority date ("effective filing date") of the patent (October 25, 2017)***.

*See* Ex. 59 at 91 (emphasis added).

Dr. Schubert's reference to just the '427 patent disclosure in this paragraph shows he is treating the disclosure of the '877 provisional application as part and parcel of the disclosure of the '427 patent. This is confirmed by Dr. Schubert's reference to an effective filing date of October 25, 2017, the filing date of the '877

provisional application. *See id.* Thus, Dr. Schubert's entire written description analysis was conducted improperly by conflating the disclosures of the '427 patent and '877 provisional application. The written description test of 35 U.S.C. § 112(a) is necessarily based on the original disclosure as filed, here the disclosure of U.S. patent Application Serial No. 16/169,856 when it was filed on October 24, 2018.

> To satisfy the written description requirement, a patent's specification must "reasonably convey[ ] to those skilled in the art that the inventor had possession of the claimed subject matter *as of the filing date*.

*Novartis Pharms. Corp. v. Accord Healthcare, Inc.*, 38 F.4th 1013, 1015-20 (Fed. Cir. 2022) (Chief J. Moore) (quoting *Ariad Pharms., Inc. v. Eli Lilly & Co.*, 598 F.3d 1336, 1351 (Fed. Cir. 2010) (en banc) (emphasis added)).

In conclusion, Dr. Schubert's opinions in Section XVI.B of the Schubert Rebuttal Report are unreliable and unhelpful and should be excluded because he improperly relies on essential material from the '877 provisional patent application in arriving at his opinions on written description.

### c. Section XVI.C of Dr. Schubert's Rebuttal Report Should be Excluded for (1) Improperly Relying on Essential Material from the '877 Provisional Application and (2) Relying on Disclosure Added to the '427 Patent After It Was Filed

Section XVI.C at pages 91-96 of the Schubert Rebuttal Report—the final section of Dr. Schubert's written description analysis—is also legally flawed for improperly relying on disclosure of the '877 provisional patent application to show written description support for the term "constant current" in the claims. *See* § 1.57(d). At pages 94-95, Dr. Schubert specifically relies on disclosure of the provisional application to show that the drivers included in the Fig. 9 embodiment are "constant current" drivers. *See* Ex. 59 (Schubert Rebuttal Report) at 94-95

(yellow highlighted portions). Dr. Schubert then concludes Section XVI.C as follows:

> To conclude, **for all the reasons given above,** it is my opinion that the '427 patent provides adequate Written Description for the "constant current" limitation, and conveys to a POSITA that the inventors had possession of the "constant current" limitation.

*Id.* at 96 (emphasis added). Thus, Dr. Schubert's opinion on the constant current limitation fatally subsumes his improper reliance on essential material in the disclosure of the '877 provisional application alongside what can properly be relied on from the disclosure of the '427 patent to satisfy the § 112(a) written description requirement.

Dr. Schubert's analysis in Section XVI.C is also fatally flawed because he relies on the words "constant current"—which appear in the claims of the '427 patent and were added after filing—to support the constant current limitation of the claims themselves. This is pointed out with orange highlighting on page 93 of the annotated Schubert Rebuttal Report. *See* Ex. 59 at 93. Moreover, Dr. Schubert superficially analyzes the number of times the terms "constant current" and "constant voltage" appear in the specification of the '427 patent, without analyzing the context in which instances of those terms appear:

> The '427 patent discloses both, constant-current drive as well as constant-voltage drive. **The '427 patent references "constant current" eight (8) times and CI two (2) times giving a total of ten (10) references to constant-current driving.** The '427 patent references "constant voltage" three (3) times and CV two (2) times giving a total of five (5) references to constant-voltage driving. **That is, a total of fifteen (15) references are given to constant-current and constant-voltage driving. The large number of references is consistent with the two driving**

*modes being two common modes for LED driving as well as LED luminaire driving.*

> *The higher number of references to constant-current driving (10 to CI versus 5 to CV) is consistent with the fact that LEDs are preferably driven with constant current* in order to provide spatially uniform, time-invariant and ambient-temperature-invariant lighting. This is especially true in environments that have strong temperature variations (such as cold isles and hot isles).

> The '427 patent provides clear and *repeated written descriptions of constant-current and constant-voltage* operation. The level of description is commensurate with the level of skill of a POSITA. For example, a POSITA would not need to be told that it is impossible to feed a constant current to an LED luminaire that is OFF.

Ex. 59 at 93.

This analysis plainly fails to provide any insight into whether the specification of the '427 patent provides written description support for "constant current" in the context in which that term appears in claim 1 of the '427 patent, namely the two terminal block limitations:

> "*a terminal block configured on the normal power side to* [1] accept normal mains AC power input and *[2] distribute normal DC power at constant current*;
>
> *a second terminal block configured on the emergency power side to* [1] accept second mains AC power input and *[2] distribute emergency DC power at constant current*;"

Ex. 20 ('427 patent) 14:65-15:4.

It is also fatally flawed because Dr. Schubert's count of ten instances of "constant current," includes five references to the appearance of "constant current"

in the claims of the '427 patent. *See id.* at 14:50-15:29 (showing three appearances of "constant current" in claim 1, one in claim 6, and one in claim 7). The circular nature of this approach is apparent; Dr. Schubert is relying on the disclosure of the claims being challenged for lack of written description to support the written description for the challenged claims. Because the issued claims of the '427 patent were added to the application after it was filed, those claims do not form part of the '427 patent's original disclosure at the time of filing, and cannot be used as written description support. *See Novartis Pharms. Corp. v. Accord Healthcare, Inc.*, 38 F.4th 1013, 1015-20 (Fed. Cir. 2022) (holding that limitations added to patent claim during prosecution were not described in application as originally filed and thus lacked written description); *see also Powdermagic, Ltd. v. Rossignol Ski Co.*, 2005 U.S. Dist. LEXIS 41847, at *4-8 (D. Utah 2005) (granting summary judgment of invalidity where after filed limitations were not described in the specification as originally filed). The *Powdermagic* court stated:

> The Court agrees with Rossignol that the broad disclosures of the specification do not adequately support the limitations of claim 1. The Court finds this case analogous to *Purdue*, which likewise examined a patent specification under 35 U.S.C. § 112. [*Purdue Pharma L.P. v. Faulding Inc., 230 F.3d 1320*, 1323 (Fed. Cir. 2000)]. The *Purdue* court emphasized the importance of providing the specifics of an invention in the patent specification:
>
> > One cannot disclose a forest in the original application, and then later pick a tree out of the forest and say 'here is my invention.' In order to satisfy the written description requirement, the blaze marks directing the skilled artisan to that tree must be in the originally filed disclosure.
>
> *Id.* 230 F.3d at 1326-27.

*Powdermagic* 2005 U.S. Dist. LEXIS 41847, at *7-8.

The '427 patent issued from U.S. Application Serial No. 16/169,856 filed
October 24, 2018. *Id.*, cover page. None of the claims that issued in the '427 patent
were included when the application was filed on October 24, 2018. They were added
as new claims 21-27 by way of a preliminary amendment filed January 27, 2020. *See*
Ex. 21 ('856 File History) at INFX-SB 00307-314 (adding new claims 21-27, which
eventually issued as claims 1-7 of the '427 patent after further amendments). Even
new claims 21-27 did not include the term "constant current" when they were added.
*Id.* Instead, claims 21-27 were extensively amended—including adding in an
Amendment filed June 19, 2020, and an Amendment filed August 12, 2020—to
arrive at the final claims that were issued in the '427 patent. *See id.* at INFX-SB
000230-244, INFX-SB 000189-206. As such, Dr. Schubert's reliance on the
appearance of the term "constant current" in portions of the '427 patent that were
added after the application was filed is improper. *See Novartis*, 38 F.4th 1013, 1015-
20 (Fed. Cir. 2022) (limitations added during prosecution were not described in
application as originally filed and thus lacked written description); *see also*
*Powdermagic, Ltd. v. Rossignol Ski Co.*, 2005 U.S. Dist. LEXIS 41847, at *4-8 (D.
Utah 2005) (after filed limitations were not described in the specification as
originally filed).

In conclusion, Dr. Schubert's analysis and opinions in Section XVI.C are
fatally flawed because (1) he relies on essential material from the '877 provisional
application to support his written description analysis, and (2) he improperly relies
on disclosure added to the patent after its filing date to support his analysis. Dr.
Schubert's analysis and opinions in Section XVI.C should be excluded.

### 4. The Court Should Exclude Dr. Schubert's Opinions on Enablement

Throughout Section XVIII of the Schubert Rebuttal Report, which is directed
to enablement, Dr. Schubert relies on the disclosure of the '877 provisional patent

application to enable the claims of the '427 patent. *See* Ex. 59 (Schubert Rebuttal Report) at 109-114 (yellow highlighted portions showing Dr. Schubert's reliance on the '877 provisional application to provide 35 U.S.C. § 112(a) support to enable the barrier limitation of claim 1 of the '427 patent). Dr. Schubert's reliance on incorporated "essential material" from the '877 provisional application to establish enablement is a violation of Rule 57(d). § 1.57(d); *Nomadix,* 2009 WL 10668158, at *25. As a result, Dr. Schubert's opinions on enablement are fatally flawed and should be excluded as unreliable and unhelpful.

**B.** **The Court Should Exclude Dr. Schubert's Opinions in Section XVII.B of the Schubert Rebuttal Report Relating to Whether the '642 and '678 Provisional Applications Provide the Necessary § 112(a) Support for the Claims of the '427 Patent as Being Unreliable, Not Relevant, and Unhelpful**

Dr. Schubert's opinions in Section XVII.B regarding the '642 and '678 provisional applications (Provisional Applications 2 and 3) and their alleged § 112(a) support for the claims of the '427 patent are unreliable, not relevant, and unhelpful and thus should be excluded. *See* Ex. 59 at 103-109.

The Patent Act allows an applicant for a U.S. patent to file a provisional application that could provide a priority date earlier than a later filed non-provisional utility patent application within one year of the filing of the provisional application. 35 U.S.C. §§ 111(b), 119(e)(1); *New Railhead Mfg., L.L.C. v. Vermeer Mfg. Co.,* 298 F.3d 1290, 1294 (Fed. Cir. 2002).

The Federal Circuit made clear in *New Railhead*, however, that for a later-filed non-provisional application to be entitled to the filing date of an earlier-filed provisional application under 35 U.S.C. § 119(e)(1):

> the specification of the provisional must "contain a written description of the invention and the manner and process of making and using it, in such full, clear, concise, and exact terms," 35 U.S.C. § 112 ¶ 1, to enable an

ordinarily skilled artisan to practice the invention *claimed* in the non-provisional application.

*Id.*

Dr. Schubert acknowledges that Mr. Moss opined that the limitations of claim 1 of the '427 patent are not supported by the'642 provisional application or the '678 provisional application (referred to as Provisional Applications 2 and 3 by Mr. Moss).

> The '427 Patent claims priority to the '877 Provisional Application. However, Mr. Moss contends that not all limitations of the '427 patent's independent Claim 1 are supported by the '642 and '678 Provisional Applications (Prov. App. 2 and 3).

Ex. 59 at 103.

And Dr. Schubert acknowledges that the issue raised by Mr. Moss is whether the disclosures of either the '642 or the '678 patents provide § 112(a) support for claim 1 of the '427 patent such that they would provide the basis for an earlier filing date. But instead of addressing the issue required by 35 U.S.C. 119(e)(1) and *New Railhead*, Dr. Schubert analyzes the disclosure of the '877 patent application. Because the disclosure of the '877 provisional patent application is not relevant to whether either the '642 provisional application or the '678 provisional application includes the necessary § 112(a) support to provide the claims of the '427 patent with an earlier priority date, Dr. Schubert's analysis is factually and legally irrelevant, unhelpful, and should be excluded.

## IV.    CONCLUSION

For the foregoing reasons, the SourceBlue Parties respectfully request that the Court exclude Dr. Schubert's opinions on: (i) written description; (ii) enablement; and (iii) whether either the '642 provisional application or the '678 provisional

application includes the necessary § 112(a) support to provide the claims of the '427 patent with an earlier priority date.

DATED:  April 25, 2023                    ORBIT IP, LLP

                                          By:  /s/ David A. Randall
                                          David A. Randall (SBN 156722)
                                          Ehab Samuel (SBN 228296)
                                          Thomas J. Brindisi (SBN 175587)


                                          *Attorneys for Defendant and Counterclaimant*
                                          SOURCEBLUE, LLC *and Consolidated Plaintiff*
                                          INFINILUX CORPORATION

1

## <u>Certification of Compliance with C.D. Cal. L.R. 11-6.2</u>

2
    The undersigned, counsel of record for SourceBlue LLC and Infinilux

3
Corporation, certifies that this brief contains 4,725 words, which complies with the

4
word limit of L.R. 11-6.1.

5

6
 April 25, 2023                                    */s/ David A. Randall*

7
                                                   David A. Randall

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MOTION TO EXCLUDE EXPERT OPINIONS
OF E. FRED SCHUBERT
2:21-cv-05876-AB (PDx); 2:21-cv-5300-AB (PDx)