| | |
|---|---|
| 1 | Lena N. Bacani (SBN 213556) |
| 2 | lena.bacani@lozaip.com <br> LOZA & LOZA, LLP |
| 3 | 305 N. Second Ave., Ste. 127 <br> Upland, CA 91786 |
| 4 | Telephone: (877) 406-5164 <br> Facsimile: (213) 394-3625 |
| 5 | Gordon E. Gray (SBN 175209) |
| 6 | geg@grayiplaw.com <br> THE GRAY LAW FIRM |
| 7 | 4401 N. Atlantic Blvd., 2nd Fl. <br> Long Beach, CA 90807 |
| 8 | Tel: (562) 984-2020 |
| 9 | Attorneys for Plaintiff, <br> NICOR, INC. |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOR, INC., <br><br> Plaintiff, <br><br> v. <br><br> SOURCEBLUE, LLC, f/k/a TURNER LOGISTICS, LLC, <br><br> Defendant. | Case No. 2:21-cv-05876-AB-PDX. <br><br> **NICOR'S OPPOSITION TO DEFENDANTS' MOTION TO STRIKE AND EXCLUDE EXPERT OPINIONS OF E. FRED SCHUBERT, PH.D.** <br><br> Hon. André Birotte, Jr. <br><br> Hearing Date: May 26, 2023 <br> Time: 10:00 a.m. <br> Courtroom: 7B |
| INFINILUX CORPORATION <br><br> Plaintiff, <br><br> v. <br><br> NICOR, INC. <br><br> Defendant. | |

i

NICOR'S OPP'N TO DEFS.' MOT. TO EXCLUDE EXPERT OPINIONS OF E. FRED SCHUBERT, PH.D.

## I. INTRODUCTION

SourceBlue, LLC and Infinilux Corporation's ("Defendants'") motion to exclude the opinions of expert witness E. Fred Schubert, Ph.D. ("Dr. Schubert") on written description and enablement ("Motion") is improper. Defendants' Motion is based on their overly narrow and incorrect construction of the "terminal block" limitations in the asserted claims of NICOR's U.S. Patent Reg. No. 10,824,427 ("the '427 Patent"). In addition, Defendants misstate and conflate the legal rules regarding incorporation by reference of prior, related patent applications and priority. Therefore, Defendants' Motion should be denied in its entirety.

## II. BACKGROUND

NICOR, Inc. ("NICOR") developed a novel lighting control unit ("NICOR LCU") and, on October 25, 2017, filed a provisional patent Application No. 62/576,877 ("the '877 Provisional") with the U.S. Patent and Trademark Office ("PTO") to cover and protect the NICOR LCU. The '877 Application included photographs of the NICOR LCU prototype and a wiring diagram. ('877 Provisional at 22.)

Less than a year later, NICOR filed U.S. patent Application No. 16,169,856 ("the '856 Application"), which ultimately issued on November 3, 2020 as U.S. patent No. 10,824,427 ("the '427 Patent"), which is the patent-in-suit.

The '856 Application for the Patent-in-Suit incorporates by reference, and claims priority to, the '877 Application. (Case No. 1:21-cv-00698, Dkt. 1-1 (the '427 Pat.) at 1:7-12 ("This patent application claims the priority and benefit under 35 U.S.C. §119(e) of U.S. Provisional Patent Application Ser. No. 62/576,877 filed October 25, 2017, entitled "LUMINAIRE POWER BANK." U.S. Provisional Patent Application Ser. No. 62/576,877 is herein incorporated by reference in its entirety.")

## III. LEGAL STANDARDS

Federal Rule of Evidence, Rule 702 permits "a witness who is qualified as an expert by knowledge, skill, experience, training, or education" to testify if the testimony "will assist the trier of fact to understand the evidence or to determine a fact in issue" and if (1) "the testimony is based upon sufficient facts or data," (2) "the testimony is the product of reliable principles and methods," and (3) "the expert has applied the principles and methods reliably to the facts of the case." *See also Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 591 (1993). "[R]ejection of expert testimony is the exception rather than the rule." Fed. R. Evid. 702 (advisory committee's notes to 2000 amendment).

The "traditional and appropriate means of attacking" expert testimony is not exclusion, but through "[v]igorous cross examination, presentation of contrary evidence, and careful instruction on the burden of proof." *Daubert*, 509 U.S. at 596. Indeed, "in most cases, objections to the inadequacies of a study are more appropriately considered an objection going to the weight of the evidence rather than its admissibility." *Hemmings v. Tidyman's Inc.*, 285 F.3d 1174, 1188 (9th Cir. 2002); *see also id.* ("Vigorous cross-examination of a study's inadequacies allows the jury to appropriately weigh the alleged defects and reduces the possibility of prejudice."); *Cummings v. Standard Register Co.*, 265 F.3d 56, 65 (1st Cir. 2002) (holding that "whatever shortcomings existed in [the expert's] calculations went to the weight, not the admissibility, of the testimony"); *In re TMI Litig.*, 193 F.3d 613, 692 (3d Cir. 1999) ("`So long as the expert's testimony rests upon "good grounds," it should be tested by the adversary process — competing expert testimony and active cross-examination — rather than excluded from jurors['] scrutiny for fear that they will not grasp its complexities or satisfactory [sic.] weigh its inadequacies.'" (quoting *Ruiz-Troche v. Pepsi Cola of Puerto Rico Bottling Co.*, 161 F.3d 77, 85 (1st Cir. 1998))); *Wilmington v. J.I. Case Co.*, 793 F.2d 909, 920 (8th Cir. 1986) ("Virtually all the inadequacies in the expert's testimony urged here by [the defendant] were brought out forcefully at trial. . . . [T]hese matters go to

the weight of the expert's testimony rather than to its admissibility."). *Quiet Technology DC-8, Inc. v. Hurel-Dubois UK Ltd.*, 326 F.3d 1333, 1345 (11th Cir. 2003).

The U.S. Supreme Court has explicitly held "[n]ormally, failure to include variables will affect the analysis' probativeness, not its admissibility." *Bazemore v. Friday,* 478 U.S. 385, 400 (1986). In particular, with regard to patent infringement lost profits analysis, "[C]riticisms of an expert's method of calculation [are] a matter for the jury's consideration in weighing that evidence." *Inventist, Inc. v. Ninebot, Inc.*, Civil Action 3:16-cv-5688-BJR, at *23 (W.D. Wash. Jan. 18, 2023) *citing Humetrix, Inc. v. Gemplus S.C.A.,* 268 F.3d 910, 919 (9th Cir. 2001)..

## IV. SCHUBERT'S OPINIONS ON WRITTEN DESCRIPTION AND ENABLEMENT SHOULD NOT BE EXCLUDED

### A. Dr. Schubert Did Not Apply the Wrong Legal Standard

Defendants argue that Dr. Schubert applied the incorrect or incomplete legal standards to reach his invalidity opinions. (Dkt. 100 at 2.) However, it is Defendants, not Dr. Schubert, who have applied the wrong legal standards.

Defendants set forth in interminable detail, for nearly five pages, Defendants' counsel's attempt to harass Dr. Schubert during his deposition about his understanding of the legal definition of incorporation by reference. (Dkt. 100 at 3-8.) Dr. Schubert repeatedly testified that he is a technical expert, not a legal one, and was not qualified to opine on the law. (*Id.* at 6.) Defendants' counsel then repeatedly informed Dr. Schubert that opining on the disclosure of the '877 Provisional was improper, despite the fact that it was appropriate here.

Defendants cite to 37 C.F.R. §1.57(d) regarding the incorporation by reference of "essential material," but conveniently leave out any mention of 37 C.F.R. §1.57(e) that relates to the incorporation by reference of "nonessential material." Section 1.57(e) states:

1        (e) Other material ("Nonessential material") may be incorporated by
2  reference to U.S. patents, U.S. patent application publications, foreign patents,
3  foreign published applications, prior and concurrently filed commonly owned U.S.
4  applications, or non-patent publications. An incorporation by reference by
5  hyperlink or other form of browser executable code is not permitted.

6        "Essential material" is defined as (d) "Essential material" may be
7  incorporated by reference, but only by way of an incorporation by reference to a
8  U.S. patent or U.S. patent application publication, which patent or patent
9  application publication does not itself incorporate such essential material by
10 reference. "Essential material" is material that is necessary to: is material that is
11 necessary to:

12       (1) Provide a written description of the claimed invention, and of the manner
13 and process of making and using it, in such full, clear, concise, and exact terms as
14 to enable any person skilled in the art to which it pertains, or with which it is most
15 nearly connected, to make and use the same, and set forth the best mode
16 contemplated by the inventor of carrying out the invention as required by 35 U.S.C.
17 112(a);

18       37 C.F.R. 1.57(d)(1).

19       Defendants' argument that the disclosure from the '877 Provisional is
20 "essential material," is clearly false. Defendants attempt to support their argument
21 by cherry-picking every instance where Dr. Schubert opined[1] that a claim element
22 could be found in the '877 Provisional. At the same time, Defendants totally ignore
23 Dr. Schubert's discussion of the same element found in the '427 Patent
24 specification. Defendants tout that Dr. Schubert spends "at least four pages of the
25 nine-page analysis [] devoted to discussing the '877 provisional application

---

[1] Dr. Schubert submitted an expert rebuttal report on invalidity that is the subject of Defendants' Motion. ECF No. 96-2 refers to Dr. Schubert's expert rebuttal report.

4
NICOR'S OPP'N TO DEFS.' MOT. TO EXCLUDE EXPERT OPINIONS OF E. FRED SCHUBERT, PH.D.

disclosure." Yet, Defendants do not comment on the fact that the other five pages – the majority -- of analysis detailed the '427 patent specification. (Dkt. 100 at 10.)

Defendant's assert that Dr. Schubert's written description and enablement opinions depend on the disclosure in the '877 Provisional. That is not the case. Citations in Defendants' own Motion show that Dr. Schubert found support for every claim limitation in the '427 patent specification. (Dkt. 100 (Figure 9 in the '427 Patent)). Dr. Schubert opines in his rebuttal report that the '427 patent discloses the claimed terminal blocks configured to distribute constant current alleged to be missing by Defendants' expert, Mr. Moss. (Ex. 59 at 82-95.)

Dr. Schubert also testified extensively that the claimed "terminal block" and "constant current" elements alleged by Defendants to be missing were present, and understandable by a person or ordinary skill in the art ("POSITA"), in the specification text and figures of the '427 Patent. *See* Dkt. 130-3 (Depo. Tr. of Dr. Fed Schubert) at 95:12-19 ("I believe that the claimed invention was fully disclosed in the utility patent application…"), *see also,* 130:22-132:3, 134:1-20, 135:10-24, 136:16-139:12.)

Because Dr. Schubert found sufficient support in the '427 patent to support the claimed invention, the disclosure in the '877 Provisional is not essential matter. Rather, Dr. Schubert looks to the '877 Provisional disclosure to support NICOR's claim for priority. The *effective* filing date is the filing date of the '877 provisional application, or October 25, 2017, for all material adequately disclosed therein. For claims containing such material, the critical date under 102(b) is a year prior to the October 25, 2017 effective filing date, which is **<u>October 24, 2016</u>**. 35 U.S.C. §102(b).

Courts considering the issue of whether a disclosure of a provisional application may be incorporated by reference into the issued patent have ruled the disclosure of a provisional application incorporated by reference into a patent

5
NICOR'S OPP'N TO DEFS.' MOT. TO EXCLUDE EXPERT OPINIONS OF E. FRED SCHUBERT, PH.D.
.

application is "effectively" part of the specification and supports the earlier provisional date.

> The Federal Circuit has explained: "provisional applications incorporated by reference are 'effectively part of the' specification as though it was 'explicitly contained therein.'" *Trs. of Columbia Univ. in City of New York v. Symantec Corp.*, 811 F.3d 1359, 1366 (Fed. Cir. 2016) (quoting *Advanced Display Sys., Inc. v. Kent State Univ.*, 212 F.3d 1272, 1282 (Fed. Cir. 2000)); *see also MPHJ Tech. Invs., LLC v. Ricoh Americas Corp.*, 847 F.3d 1363, 1369 (Fed. Cir. 2017) ("[A] provisional application can contribute to understanding the claims.").

*DNA Genotek Inc. v. Spectrum Sols.*, 3:21-CV-00516-RSH-DDL, at *36-37 (S.D. Cal. Nov. 29, 2022).

  *See also Konda v. Flex Logix Techs.*, No. 2022-1162, at *2 (Fed. Cir. May 6, 2022) ("In response, Mr. Konda argued, among other things, that the '394 provisional could not be prior art because unpublished provisional applications are kept in confidence by the Office in the absence of the applicant's consent and he had never consented to making it available to the public."); *Vederi, LLC v. Google, Inc.,* 744 F.3d 1376, 1379 (Fed. Cir. 2014) ("The Asserted Patents incorporate by reference, and claim priority to, U.S. Provisional Application No. 601238,490, which was filed on October 6, 2000. That provisional patent application discloses, in relevant part:..."); *Willis Elec. Co. v. Polygroup Macau Ltd.,* 2018-2125, at *4 (Fed. Cir. July 1, 2019) ("The Board found that, under its claim construction, Chen's nonprovisional disclosure failed to disclose a "channel void." However, the Board found that Chen's provisional did disclose the "channel void" limitation").

  Accordingly, the contention by Defendants that the '877 Provisional Application cannot support the '427 patent claims by incorporation by reference is legally incorrect. *See DNA Genotek Inc. v. Spectrum Sols.*, 3:21-CV-00516-RSH-DDL, at *36-37 (S.D. Cal. Nov. 29, 2022).

  As to the '427 patent claims which are asserted, Dr. Schubert found each of the claimed elements were found in the '877 Provisional Application. (ECF No.

96-2 at 96-103.) Defendants contend that the '877 Provisional lacks a "terminal block" (but only under their very narrow construction) and "DC power at a constant current." (*Id.* at 100-103.) Dr. Schubert demonstrated that the allegedly "missing" terminal blocks are in fact shown as (4) terminal blocks in the '877 Provisional. (*Id.*, at 98-100.) Accordingly, under 35 USC 102(b), a year prior to this date is October 24, 2016. This is the effective priority date for the '427 Patent.

### B. Defendants' Criticism of Schubert's Methods is Not a Basis to Exclude His Testimony

On a motion to exclude testimony, "[c]riticisms of an expert's method of calculation [are] a matter for the jury's consideration in weighing that evidence." *Inventist, Inc. v. Ninebot, Inc.*, Civil Action 3:16-cv-5688-BJR, at *23 (W.D. Wash. Jan. 18, 2023) *citing Humetrix, Inc. v. Gemplus S.C.A.,* 268 F.3d 910, 919 (9th Cir. 2001). It should be up to the finder of fact to determine whether the facts relied on by the experts show adequate support for the claimed limitations such to convey to a POSITA that the inventors had possession of the claimed invention at the time of filing of the '877 Provisional. Therefore, Dr. Schubert's invalidity opinion should not be excluded.

## V. CONCLUSION

For the foregoing reasons, NICOR respectfully requests that the Court deny, in its entirety, Defendants' Motion to Exclude Dr. Schubert's opinions on written description and enablement.

Dated: May 9, 2023

Respectfully submitted,

LOZA & LOZA, LLP.

By: /s/ Lena Bacani
Lena N. Bacani

Attorneys for Plaintiff NICOR, Inc.

7
NICOR'S OPP'N TO DEFS.' MOT. TO EXCLUDE EXPERT OPINIONS OF E. FRED SCHUBERT, PH.D.